ALBANY,
August, 1815.

BLOODGOOD
v.
THE OVERSEERS OF THE POOR OF JAMAICA.

—⚬✦⚬—

BLOODGOOD, *one of the Overseers of the Poor of Flushing, against the Overseers of the Poor of Jamaica.*

IN ERROR, on *certiorari*, from a justice's court.

The defendants in error sued the overseers of the poor of *Flushing* by a summons, in common form, against both of them, *(viz. Samuel H. Van Wyck and Daniel Bloodgood,)* in a plea of debt for 25 dollars. The summons was returned personally served upon both the defendants; and on the return day they both appeared.

If the defendant in a justice's court, neglects to take an exception, in the first instance, on account of the variance between the process and declaration, but takes issue, and goes to trial on the merits, it is a waiver of all objection to the process or pleading.

A constable who is an inhabitant of a town, and pays taxes to support the poor, is a competent witness in a suit brought by the overseers of that town against the overseers of another town, relative to the settlement of a *pauper*.

ALBANY,
August, 1815.

BLOODGOOD
v.
THE OVER-
SEERS OF THE
POOR OF JA-
MAICA.

The overseers of the poor of *Jamaica* then declared against *Daniel Bloodgood only*, for the penalty of 25 dollars, for refusing to receive paupers upon a warrant of two justices of *Jamaica*, according to the 11th section of the act for the settlement and relief of the poor, passed in *April,* 1801. (1 R. L. by K. and R. p. 569.) The penalty is given, by that law, against the overseers of the city or town, or any or either of them so refusing; and is to be applied towards the support of the poor of the other town.

To this declaration, *Daniel Bloodgood* pleaded the general issue; and no further notice was taken, in any part of the proceedings, of *Van Wyck,* the other defendant below.

The proof applied to *Bloodgood only,* and fully established the claim of the plaintiffs below. The justice, accordingly, gave judgment against *Bloodgood,* for 25 dollars, and the costs.

The exceptions taken to the justice's proceedings were, 1st. The incongruity between the summons and the declaration; the process being against two defendants, and the declaration against one of them only.

2d. That the justice (notwithstanding an objection) admitted, as a witness for the plaintiffs below, the constable of the town of *Jamaica,* who removed the paupers, and who was " *an inhabitant of that town, paying taxes for the support of the poor.*"

*Per Curiam.* The case of *Day* v. *Wilber,* (2 *Caines' Rep.* 134.) and the uniform decisions since that time, have established the rule, that if the defendant neglects to take his exception to the first process, but joins issue upon the declaration of the plaintiff, in the court below, upon the merits, he is deemed to have waived all objection to the process, and the cause stands upon the same footing as though the parties had voluntarily joined issue, and gone to trial without process.

Upon the 2d point, the decision in the case of *Falls & Smith* v. *Belknap,* (1 *Johns. Rep.* 476.) is in point against the plaintiff in error. It is true, that the penalty, if recovered, is to be applied for the support of the poor of the town in which the witness is *liable to be taxed* for that object; but such an interest is too remote and contingent to exclude the witness.

Judgment affirmed.