By the Court :
This case is not within the original jurisdiction of this court. It has been sent here on a supposition that the associates are interested, and that therefore there was not a sufficient number of disinterested judges of that court to sit on the trial. The only interest which they have is common to every citizen of the county, and if it be sufficient to disqualify them, it would sustain a challenge to the array and to the competency of every witness residing in the county. We are of opinion, however, that the interest is not sufficient to produce these embarrassing consequences. The claim of a few hundred dollars, by a county containing twenty thousand inhabitants, can not create an interest to ^disqualify a judge, a juror, or a witness. We find many cases in which citizens of towns, counties, and states have been admitted as competent witnesses on behalf of such town, county, or state. • In Cumming v. Pinkham, Adams, 353, it was ruled that an inhabitant of a town was a competent witness, though the town was a party in interest, and called him to testify in its favor. In Bloodgood v. Jamieson, *274 12 Johns. 285, it was decided that an inhabitant of a town, liable to be taxed for the support of the poor, is a competent witness for the plaintiff, in a suit for a penalty, to be applied to the use of the poor of that town. In Orange v. Springfield, 1 South. 186, an inhabitant of a township was a witness in a question of a settlement of a pauper. In Schenck v. Corshen, 1 Cox, 189, it was decided that an inhabitant of a county or township was a competent witness in a suit in which such county or township was interested. In Connecticut v. Brandish, 14 Mass. 296, it was decided that in an action by a state, in the courts of another state, an inhabitant of the state suing is a competent witness for the plaintiff. Other cases might be referred to were it necessary, but we are satisfied that the common pleas of Clermont county is the proper tribunal to hoar and decide this cause, and that this court has no right to take jurisdiction of it. It must therefore be remanded.