Curia per
Colcock, J.
In this case the Court concur with the Recorder and the motion must be refused. The question of jurisdiction has long since been settled in the case of the City Council vs. Samuel Miller, decided at the January sitting of 1822. As to the objection to the form of action, that is completely put to rest by the act of 1823, which declares that the penalty shall be recovered by the City Council. The act gives to the city Council power to pass any ordinance or ordinances imposing penalties on retailers of spirituous liquors, without license, and then adds, and “ to recover the same in the City Court, or other Court haam§*jffii2ffiuoWof the amount of the penalty or pmia^ife. Ahu$i0ferefore, the doctrine of the common raw can l^si»M^pj?lication, for it will not be contended Ipmkak IlegMlafufb'Ynay not direct a mode of recovery djiiFare&k from*»that ábsed in. common, nor can it be senous^said that it ísjpmatter ol any importance in whose name tne*a5i%tf'is1mought.
On the ground of misnomer, there is perhaps some room for doubt; but I think that as the matter was put in issue whether the defendant was known by the name of A. W. King, and had not in fact so called himself, and the jury have so found, the verdict ought not to be disturbed. And further enquiry by the Court, as to any legal view of the subject is precluded. It surely will not be contended here, that a man may not take any name he pleases, and if he by his own conduct renders it doubtful what his real name is, the fault is his, and let the consequences be also his. But in truth I know no law, nor do I see anv reason why a man may not take the letters A. W. for his first name, or as it is generally called, his Christian *490 name; ior as there is no union here between Church and State, and no obligation on parents to baptize their children, this name may be as often changed'as the patronymic, and although we know that letters are usually the initials of a name, yet if a person uses them and them only, it is difficult to perceive how his real name can be known, for if he is sued as Alexander William, he may say they mean Andrew William, or any other name which may begin with those letters.
It only remains then to examine the objections which were made to the competency of the witnesses. I begin with that which rested on the ground of their being citizens of the town, corporators, and I think I am within bounds when I say that the doctrine on this subject has been explicitly declared in a dozen or more opinions delivered by myself. That cases can be found which support the doctrine contended for by the defendant is readily admitted, but the doctrine has of late years undergone a very great and beneficial change, and the distinction between an interest in the question, and an interest in the evept of the suit, between a positive and direct, and a remote or possible interest is now well established. Experience has proved that it is better to admit all the evidence which can be had, rather than exclude that which is liable to some objection, and therefore a mere bias, however strong, is not sufficient to exclude a witness. If the objection which I am now considering, were to prevail, all the City ordinances which impose penalties would be at an end — for who could be witnesses? But there are cases without number in which the point has been determined; See Phillips, 38, and the authorities there collected. And in addition to those, I refer more particularly to the cases, Falls & Smith vs. Belknap, 1 Johns. 486; Corwein vs. Hames, 11 Johns. 76; and Bloodgood vs. -of Jamaica, 12 Johns, 285.— *491 la this last case the objection was to a magistrate sitting in a case where one was sued qui tam for retailing liquors in the town, the penalty being given to the poor. It was held that though the Justice was an inhabitant of the town, his interest was too remote and contingent to afford a valid objection to his trying the cause. As to the objection to the City Marshal, that was certainly removed by the release which he made.
Hugeh, J. who was sitting for Mr. Justice Johnson, absent from sickness, concurred.
Nott, J. I am of opinion that the plea in abatement ought to have been allowed; in other respects I concur
Motion refused„