Nov. Term, 1840.

EWING v. CODDING.

---

## EWING *v.* CODDING.

In assumpsit on a verbal lease of certain land for a year, by which the defendant was to deliver to the plaintiff one-third of the crops raised, the declaration averred that the defendant cultivated the land, and assigned as a breach that he would not deliver to the plaintiff the third of the crops raised under the lease, though requested to do so. *Held*, that the declaration, though defective in form for not directly averring that a crop had been raised, was sufficient on general demurrer. *Held*, also, that in assessing damages in such case, the defendant might prove, in mitigation of damages, that after the making of the lease, the plaintiff, with defendant's consent, had leased a part of the premises to a third person, from whom he had received rent for that part.

Final judgment cannot be rendered on an assessment of damages, taken upon the overruling of a demurrer to one count in assumpsit, whilst there is an issue in fact as to another count undisposed.of.

Nov. Term, 1840.

EWING
v.
CODDING.

Saturday,
November 28.

APPEAL from the *La Grange* Circuit Court.

DEWEY, J.—Assumpsit by *Codding* against *Ewing*. The first count of the declaration sets out a verbal lease, by which the plaintiff let to the defendant certain premises for one year, in consideration of which the defendant agreed to deliver to the agent of the plaintiff one-third of all the crops which the defendant should raise thereon during the year, "in the half bushel," at a specified place. The possession and cultivation of the leased ground by the defendant are alleged; and the breach assigned is, that the defendant did not and would not deliver to the agent of the plaintiff at the designated place, in the half bushel, one-third of the crops raised by him under the lease, although he had been requested so to do by the plaintiff. There was a general demurrer to this count, which was overruled. There were two other counts on which issues on non assumpsit were formed; but as to one of these counts the plaintiff entered a *nol. pros.*, whereupon a jury of inquiry was called to assess damages upon the first count, without taking any notice of the third count, which still continued upon the record. On the trial of the inquest, the defendant offered to prove, in mitigation of damages, that after the making the lease mentioned in the first count, the plaintiff, with the consent of the defendant, had leased a part of the premises in question to a third person, from whom he had received rent for that part. The testimony was rejected, and judgment rendered on the verdict of the jury.

The appellant contends that the Court erred in overruling the demurrer to the first count, because the breach of the contract therein set forth is not well assigned. He urges that there should have been an averment that the defendant raised a crop on the leased premises. This objection, however, cannot be sustained under a general demurrer. It is true, there is a technical defect in the assignment of the breach. The averment that the defendant did not deliver one-third of the crop raised by him is a negative pregnant; but this fault could have been reached only by a special demurrer. *Serra* v. *Wright*, 6 Taunt. 45. It was held in the case of *Wilcocks* v. *Nicholls*, 1 Price, 109, that the breach of the condition of a bond, " that the defendant did not of the moneys collected by him pay all just debts," &c., was well

assigned, on special demurrer, although there was no allega- <span style="float:right">Nov. Term,</span>
tion that defendant had collected any money.   But the <span style="float:right">1840.</span>
authority of this case was not recognized in the later case of <span style="float:right">M'Gillicud-</span>
Serra v. Wright, supra, which was debt on a bond condi- <span style="float:right">dy</span>
tioned that a collector of poor rates should render an account <span style="float:right">v.</span>
of moneys received by him.   The breach was that he had <span style="float:right">Forsythe.</span>
refused to account for moneys received; this assignment was
decided to be insufficient on special demurrer, because there
was no averment that he had collected money.

The Circuit Court erred in rendering a final judgment on
the assessment of damages under the first count, while there
was an issue as to the third count not disposed of.   *Fleming*
v. *Langton*, 1 Str. 532.—*Duperoy* v. *Johnson*, 7 T. R. 469.

It was also erroneous to reject the evidence in mitigation
of damages.   The defendant had a right to show before the
jury of inquiry, that the plaintiff had not been injured to the
extent claimed by him; and the testimony rejected had a
tendency to prove that fact.   *Cox* v. *Way*, 3 Blackf. 143.—
*Denison et al.* v. *Mair*, 14 East, 622.

*Per . Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*D. H. Colerick* and *W. H. Coombs*, for the appellant.
*J. B. Howe*, for the appellee.