Blackfokd, J.
This was an indictment against Lathrop for not discharging his duty as school commissioner of Crawford county. The indictment states that the defendant, on, &e., was school commissioner, &c., and not regarding his duty as such commissioner, he neglected and refused, on, &c., to make a detailed report to the auditor of the county of all moneys received and disbursed by him as such Commissioner, specifying from what source received and to whom paid over and when, together with the separate accounts of each township over which he had jurisdiction, showing the amount of principal and interest distributed to each township; to the evil example, &c. Plea, not guilty, and judgment for the State.
The statute requires each school commissioner to take an oath of office, and give bond conditioned for the faithful discharge of his duties. It is made his duty to keep a separate account of the funds belonging to each congressional township within his jurisdiction, and of his transactions in relation to the same; and in keeping such account to distinguish the sums received as principal from those received as interest. It is also made his duty on, &e., in every year, to make a detailed report to the county auditor of all moneys received and disbursed, specifying from what source received, and to whom and when paid over, stating separately the accounts of each township over which he may have jurisdiction, and showing the amount of principal lent out and to whom, &c., and the amount of interest distributed to each township, &c. Acts of 1841, pp. 51, 52. It is also provided by statute that whenéver any officer of known to the constitution or laws of the State, from whom an oath and bond of office are required, may be knowingly guilty of any act or omission which shall amount to a breach of his official bond, he shall be deemed guilty of malfeasance in office, and upon conviction thereof shall be fined, &c. Acts of 1841, p. 185.
J. Pitcher, for the plaintiff.
J. Lockhart, for the State.
According to these statutory provisions, a school commissioner may be indicted for a breach of duty; but the indictment, to be valid, must show the condition of his bond to have been broken. And the breach in such case ought to be so particularly assigned, that the assignment would, were it in a declaration in a suit on the bond, be beyond the reach of a special demurrer; it being necessary to the validity of an indictment, that it be good in form as well as in substance. 1 Chitt. Cr. Law, 172.
In the indictment before us, the statement relied on to show a breach of the condition of the bond is that the defendant had failed to make a report, to the county auditor, of the moneys received and disbursed by him, with the accounts *of the townships, showing the money distributed to each of them, &c. But this statement in a declaration, in a suit on the bond setting out the condition, would not show a sufficient breach on special demurrer, because there is no express averment that any money had been received by the commissioner concerning which he was bound to report. In the analogous eases of Serra et al. v. Wright, 6 Taunt., 45, and Ewing v. Codding, 5 Blackf., 433, such an averment was considered necessary on special demurrer ; and in the cases of The Postmaster-General v. Cochran, 2 Johns. R., 413, and Hughes v. Smith, 5 Johns. R., 168, on bonds conditioned to pay over money that should be received, &c., the declarations expressly aver the receipt of money, &c,
The indictment under consideration not expressly alleging that the defendant had received any money, can not be supported.
Per Curiam.—The judgment is reversed. To be certified, &c.