## SMITH, EXECUTOR OF DANIEL GRANT, v. BARBER.

*Parol evidence may be admitted to explain a blank indorsement. Inhabitants of a town may be admitted as witnesses in certain cases, from necessity, notwithstanding their corporate interest.*

ACTION of *indebitatus assumpsit,* for money had and received, by the defendant, of divers persons after the decease of the said Daniel, on notes given to the said Daniel in his lifetime.

Plea — *Nonassumpsit.* Issue to the jury. By the will of said Daniel the inhabitants of the town of Torrington were made residuary legatees.

It was agreed that Barber had lived a long time with said Daniel, was a friend and favorite of his, and that the notes on which said money was received, had been delivered to Barber by Grant, a little before his death, with his name indorsed blank on the back of them; and still remained in that condition.

The first question made in this case was — Whether parol evidence might be admitted to explain said blank indorsements, and the intent of the parties therein?

By the COURT. The evidence is admissible; for a blank indorsement until it is filled up by the indorsee, has no certain import; it may be for one purpose or another, or for none at all; and therefore may be explained by parol testimony.

Second question was — Whether the inhabitants of the town of Torrington could be witnesses on account of their interest; for it was admitted that these moneys, if recovered, would go to said town.

The court doubted at first upon the principles of the law, but upon the ground of necessity, as the said Daniel lived and died in said Torrington, it was to be presumed, that other evidence could not be had; also upon the ground of former precedents and decisions they were admitted. Their interest being but a corporate interest; and the transaction being in said town, where other evidence might not reasonably be expected to be found.