ALBANY,
August, 1086.
Falls & Smith
Belknap.

## Falls & Smith, late overseers of the poor of New-Windsor *against* John Belknap.

That a person is liable to be rated for the support of the poor of a town,

THIS was an action of *debt* on a bond. The cause was tried at the *Orange* circuit, in *May,* 1805, before Mr. Justice *Thompson.*

does not render him an incompetent witness in a cause in which the town is interested as to the maintenance of a pauper. A previous *order* of a justice of peace, is not necessary where security is given by a bond for the maintenance of a bastard child, or helpless pauper; but only in the case of voluntary application of the pauper himself for relief. The question of settlement cannot be tried in an action, brought on a bond given to indemnify a town for the support of a bastard child; and the party is estopped by his bond, from alleging that the place of settlement was in another town. The surety of such indemnity bond, given to save harmless the town, *from time to time hereafter,* is holden, after the child has arrived at the age of 21 years, and as long as he shall continue chargeable.

The bond was dated the 21st *August*, 1794, and execut-
ed by the defendant and one *Thomas Belknap*, now de-
ceased. The condition was as follows : " That if the
" above bounden *Thomas Belknap* and *John Belknap*, or
" any of them, their or any of their executors or admini-
" strators, do and shall from time to time, and at all times
" hereafter, well and sufficiently save, defend, keep harm-
" less and indemnify the above named *Alexander Falls*
" and *Jacob Smith*, overseers of the poor, for the time be-
" ing, of the town of *New-Windsor*, and every of their suc-
" cessors, and also all and every other inhabitant, which
" now or hereafter shall be of the said town, and every
" of them, &c. from the educating and instructing, bring-
" ing up and providing for a male bastard child of which,
" *E. H.* was some years ago delivered, whereof *T. B.*
" was the reputed father, and of and from all actions,
" costs, &c. then," &c. At the trial, a freeholder and in-
habitant of the town of *New-Windsor*, was called to prove
that the town had been damnified, &c. The witness
was objected to, on the part of the defendant, as incom-
petent, but the objection was overruled by the judge, and
the witness examined. It appeared in evidence, that the
bastard child was and had been since its infancy, so infirm
in body and mind, as to be entirely helpless. Prior to
the execution of the bond in question, it had been sup-
ported by its putative father. In 1795 or 1796, it was
placed out by the overseers under the care of its mother,
to whom they agreed to pay the annual sum of 75 dollars,
for its maintenance ; and the child has ever since contin-
ued with its mother who is a married woman, and has
been provided with every thing suitable for its support,
for the annual sum of 75 dollars, which was admitted to
be reasonable. The putative father of the child is dead,
and the present defendant paid for its maintenance dur-
ing one year ; since 1795. The overseers of *New-Wind-
sor* paid also for one year, ending *April*, 1801, but it did
not appear that any *order* had been made by a justice or

justices of the peace, for the payment of the said sum of seventy-five dollars, or any other sum of money by the overseers, for that purpose. It was objected that this evidence did not support the pleadings on the part of the plaintiffs; but the judge overruled the objection. It was then offered on the part of the defendant, to prove that the child was born the 10th of *March*, 1778, in the town of *Newburgh*, and was of course settled in that town by *birth*, of which the plaintiffs had notice prior to *April*, 1800. This evidence was objected to by the plaintiffs' counsel, and was overruled by the judge, because, the defendant by executing the bond in question, and afterwards paying one year's maintenance of the child, had admitted its legal settlement to be in the town of *New-Windsor*. The defendant then offered to prove, that since the first Tuesday in *April*, 1800, he had offered to the overseers of the poor to take the child himself, and support it at his own expense, which they refused; this evidence being objected to, was overruled by the judge. A verdict was then taken for the plaintiffs by consent, subject to the opinion of the court on a *case*, in which the above facts were stated.

*Fisk*, for the plaintiffs. 1. A liability to be rated does not render a person an incompetent witness in such a case.* On general principles, the interest appears too remote to render the witness incompetent. Besides, it is the disposition of courts, in more modern cases, to let objections of this sort, where the interest is trifling, or uncertain, go to the credit rather than to the competency of a witness.† Yet if the rule were otherwise in *Great Britain*, still in this country, where the poor are supported by the fees on tavern licences, and the penalties created by the act for the regulation of inns and taverns,‡ such an objection ought not to prevail. 2. From the second section of the act,§ it will appear that no order was necessary in this case. The justice may issue a warrant and commit the putative father, untill he either give a bond with a sufficient se-

* 4 *Term*, 17.
The *King* v.
*Prosser.*
5 *Term*, 667,
*King* v. *South-Lyme.* 6 *Term*,
157. *King* v.
*Little Lamley*,
*Peake's Cases*,
153.
† 3 *Term*, 27.
*Bent* v. *Baker.*
1 *Term*, 300.
*Cases Temp.
Hardw.* 360.
1 *Term*, 163--4.
*Carter* v. *Pierce.*
7 *Term*, 62.
*Smith* v. *Sprayer.*
‡ *Laws of N. Y.
vol.* 1. *p.* 485--6.
§ *Laws of N Y.
vol.* 1. *p.* 194--5.

rarity, or until he enters into a recognizance to abide and perform such *order* as the sessions may make. If he does the first, the second is not required. He need not do both. Our statute is copied from that of 6 *Geo.* 2. *ch.* 31. and it has been decided in *England*, that no order was necessary.[*] 3. Evidence of the pauper's settlement in *Newburgh*, was clearly inadmissible in this case. By entering into the bond for the maintenance of the child in *New-Windsor*, the defendant is *estopped*, by his own deed, from alleging a settlement elsewhere.[†] If he meant to have availed himself of this objection, he should have suffered the order to have been made, and then have appealed from it, so as to have the question of settlement decided. 4. The offer of the defendant in this case, to take the child, amounts to nothing. The putative father may take the child, but no authority can be found, that permits it to be done by a surety or stranger. But the father must take the child before the order is made; afterwards, it is too late to make his election.[‡] It has been decided, however, that the putative father has no right to the custody of the child, but it belongs to the mother.[§] 5. It may be said, perhaps, that after the child arrives at the age of 21 years, the putative father is discharged from the burden of its maintenance. But there is no limitation of the time, for which an order may be made; and in this case, the defendant has undertaken by his bond, to save harmless and indemnify the town, for an indefinite period of time.

*Sleght*, contra. 1. It is true, that the *English* courts have decided, that where a person is only liable, but had not been actually rated, he is a competent witness. Our act peremptorily requires each town to support its own poor, and every freeholder of the town to contribute to their maintenance. Certain fees and penalties, are ordered to be paid to the overseers of the poor, but it does not follow that rates are not necessary, or are not actually assessed on the freeholders. The smallness of

ALBANY,
August, 1806.

Falls & Smith
v.
Belknap.

[*] 1 *Henry Black.* 253. *Hays* v. *Bryant. Burns,* vol. 1. 176-177. 1 *Botts,* 464.

[†] *Cro. Eliz.* 756. 1 *Roll.* 408 872.

[‡] 2 *Saunders,* 278. 1 *Modern,* 43. *S. C.* 1 *Bott,* 458. 459. 2 *Strange,* 1162. 1 *Sid.* 444. *Sayer,* 93. 3 *Burns,* 201.

[§] 5 *Term,* 278 *King* v. *Soper*

ALBANY,
August, 1806.

Falls & Smith
v.
Belknap.

* 5 Term, 174.
Burton v. Hinde.
Douglas, 7.

‡ 1 Botts, 403.
2 Botts, 22. 29.
31.

§ Douglas, 7.
* Ventris, 48.
210. Sayer, 93.

† 2 Shower, 129.
130.

interest does not remove the objection; for if the interest be direct, it renders the witness incompetent.* 2. The language of the act, (sec. 1.) is imperative; the justices, if they do their duty, must make an order for the maintenance of the child. From the case of *Simpson* v. *Johnson*,† the propriety and necessity of an *order* is evident. 3. In 1778, bastards were considered as settled where they were born. The present plaintiffs should have made an order for the town of *Newburgh*, to pay for the maintenance of the child, this being a case in which it was improper to remove it.‡ If they have voluntarily paid money, which they were not bound by law to pay, they have no right to call on the present defendant.§ 4. The *putative* father, with some exceptions, has a right to the custody of the child.*

[ KENT, C. J. That is not a question here. It is clear that the *surety* has no right to the custody of the child.]

5. In the case of *King* v. *Thomas*,† it is held that the putative father is discharged, on the child's arrival to twenty-one years of age; the bond in this case, should be considered in relation to the subject matter, and the condition is in truth no more than that he would save the town harmless, as long, as by law the putative father was liable to maintain the child.

*Jones*, in reply, was stopped by the court, as to the first four points. In answer to the 5th objection, he contended, that the case of *King* v. *Thomas*, could be intended to go no farther than to say, that ordinarily, a child at the age of twenty-one years, was competent to maintain itself, otherwise, by a compulsory order, a putative father might be compelled to maintain a child when it was able to provide for itself. In the present case, the child is shown to have been always imbecile and helpless; the reason for the liability of the father continues beyond the age of twenty-one years. This was a voluntary not a compulsory bond, and the language of it is, I will indemnify the town, as long as the child continues chargeable. This is its true meaning; besides, there is no rule

of law, to limit the duration of a voluntary obligation of this kind. A person may voluntarily undertake to do what the law will not oblige him to perform; and he must be bound by his undertaking.

ALBANY,
August, 1806.

Falls & Smith
v.
Belknap.

*Per Curiam.* 1. That the witness was liable to be rated for the support of the poor of *New-Windsor*, was too remote and contingent an interest to render him incompetent. This point has been repeatedly ruled, and is now well settled. (*King* v. *Prosser*, 4 *Term*, 7.) 2. The expenditures for the support and maintenance of the child, which we are to presume were shown to be necessary and reasonable, were as obligatory on the defendant without, as with, an order from a justice. (*Hays* v. *Bryant*, 1 *H. Black.* 253.) The section of the act, which requires the previous order of a justice, applies to the case only of a voluntary application for relief, by the pauper himself, and not to indigent and helpless children, or other persons incapable of making application to the magistrate. An *order*, therefore, was not necessary in this case. 3. The bond of the defendant necessarily implies, that the town of *New-Windsor* was properly chargeable with the support of the child, and the defendant having, in pursuance of this bond, paid and indemnified the overseers of that town for one year, he is concluded, by his written obligation, and other acts, from contesting that point. And the town of *New-Windsor*, at this late day, would hardly be permitted to question its own responsibility against another town, and to which the acts of the defendant have contributed. Besides, the question of liability between these two towns, cannot be tried in this collateral way. It is sufficient in this suit, to show that *New-Windsor* has, in fact, been put to charge and expense for the maintenance of this child. 4. It is unnecessary here to decide, whether a putative father is, or is not, entitled to the custody of his bastard child.* It is enough that a stranger, like the defendant, cannot pretend to any such right. 5. That the child has arrived to the age of twen-

* See 1 *Bos. & Pull. New Rep.* 148. *Ex parte Ann Knee.* 5 *East*, 221, 224.

ALBANY,
August, 1806.

Falls & Smith
v.
Belknap.

ty-one years, is not a reason for discharging the defen-
dant from the obligation of this bond, by which he has
expressly stipulated, to indemnify the town *at all times*
*thereafter*. The expression bastard-child, was merely de-
scriptive of the person, and does not import any limita-
tion of the time to which the obligation was to extend.

Judgment for the plaintiffs.