At this term the opinion of the Court was delivered by
Parker, C. J.
This cause has been some time before us ; there having been, at the several consultations we have had upon it, doubts upon the mind of some or other of the Court, as to the effect of the arguments submitted, in writing; the counsel on both sides having well considered and ingeniously applied the legal principles and reasoning belonging to the subject.
We are all, finally, of opinion, that the plea.in abatement is bad, and that a judgment of respondeas ouster must be entered. The objection contained in the plea is, that the plaintiffs, who are styled “ The Inhabitants of the Fourth School-District in Rumford,” have not that legal entity and capacity which entitle them to maintain this or any other action ; in other words, that they do not compose a corporate body ; but are merely individuals, entitled to assemble fór particular purposes, and to transact business by vote, in the same manner as towns ; but with no power to make contracts, or to enforce them by a suit at law, except, perhaps, in the special instance pointed out by the several statutes which regulate them.
That they are not bodies politic and corporate, with the general powers of corporations, must be admitted ; and the reasoning and authorities advanced to show this defect of power are conclusive. The same may be said of towns, and other municipal societies, which, although recognized by various statutes, and by immemorial usage, as persons, or aggregate corporations, with precise duties which may be enforced, and privileges which may be maintained, by suits at law, are yet deficient in many of the powers incident to the general character of corporations.
They may be considered, under our institutions, as quasi corporations, with limited -powers, coextensive with the duties imposed upon them by statute or usage; but * restrained from a general use of the authority which belongs to these metaphysical persons by the common law. The same may be said of all the numerous corporations which have been, from time to time, created by various acts of the legislature ; all of them enjoying the power which is expressly bestowed upon them ; and perhaps, in all instances where the act is silent, possessing, by necessary implication, the authority which is requisite to execute the purposes of their creation.
They differ in character, also, from those corporations which exist at common law, in some particulars. It is not necessary that our *163 municipal corporations should act under seal, in order to bind themselves, or obligate others to them. A vote of the body is sufficient for this purpose ; and this mode has prevailed with the proprietors of common and undivided land, even in the disposition of their real property, contrary to the general provision of law respecting the transfer of real estate. It will not do, therefore, to apply the strict principles of law respecting corporations, in- all cases, to these aggregate bodies which are created by statute in this Commonwealth.
By the several statutes which have been passed respecting school-districts, it is manifest, that the legislature has supposed, that a division of towns, for the purpose of maintaining schools, will promote the important object of general education ; and this valuable object of legislative care seems to require, in construing their acts, that a liberal view should be had to the end intended to be effected.

Respondeas ouster awarded.