## Cox and Others *v.* WAY, Commissioner.

Debt on bond conditioned for the performance of certain work within a limited time. *Held*, that a plea of readiness to do the work, and of the plaintiff's refusal to permit its performance, should show that the refusal, &c. was before the expiration of the time for doing the work.

*Held*, also, that a plea in such case, of an agreement to prolong the time and of performance, &c. should show that the work was, within the enlarged time, performed and accepted in discharge of the bond.

Nov. Term,
1832.

———

Cox
v.
WAY.

In an action by a road commissioner on a bond, his predecessor to whom the bond was given, not being interested, is a competent witness for the plaintiff. On a writ of inquiry of damages, in a case of breach of contract as to the performance of certain work, the defendant may, in mitigation of damages, prove that a part of the work had been done, under the contract, to the plaintiff's benefit.

Saturday,
December 1.

ERROR to the *Randolph* Circuit Court.

BLACKFORD, J.—This was an action of debt by *John Way*, road commissioner, &c. against *John D. Cox, Samuel Cox, James Bass*, and *George Hoffman*, founded on a penal bond, dated the 6th of *September*, 1828, and conditioned for the performance of certain work on a state road, within two months from the date of the bond. The condition of the bond, the breach of non-performance, and special damages, are set out in the declaration.

The defendants pleaded two pleas in bar:—1st, that they were always ready to do the work; that after they had commenced, the plaintiff refused to pay them pursuant to the contract; and that he refused to permit them to perform the work; 2dly, that after the execution of the bond, the plaintiff agreed with *Hoffman*, one of the defendants, to prolong the time for doing the work till *February*, 1830; and that *Hoffman*, pursuant to the last-mentioned contract, did certain work described in the plea, which was accepted by the plaintiff as done pursuant to said contract. To these pleas the plaintiff demurred generally; and the Court sustained the demurrer.

On the execution of the writ of inquiry, the plaintiff offered to prove, by his predecessor in office, who was the obligee in the bond, that the road commissioners had spent several days in consequence of the defendants' breach of contract, for which they had been paid out of the road fund; and further, that the plaintiff had advanced to the defendants 19 dollars, in part for the work which they had undertaken to perform. The witness was objected to as incompetent, and the objection overruled. The evidence proposed to be given by him was also objected to; and this objection was also overruled. The defendants offered to prove, in mitigation of damages, that at the expiration of the time within which the work was to be done, they had performed more than one-third of the labour contracted for; and had afterwards completed the same, under the plaintiff's direction, for less than the price first agreed upon. This evidence was rejected.

Nov. Term, 1832.

The jury assessed the damages at 32 dollars and 30 cents, and the Court rendered judgment accordingly.

The first plea does not show that the defendants were, by the contract, entitled to be paid as stated, before the completion of the work. Neither does it show that they had commenced the work, or that the plaintiff had hindered them from proceeding in it, before the expiration of the time within which it was to be performed. The demurrer to that plea was, therefore, correctly sustained.

The second plea does not show that the work described in the condition of the bond, had been performed within the enlarged time, in discharge of the bond on which the suit was brought. It is for that reason defective.

The witness, who was objected to as incompetent, not being interested, was admissible; and the evidence of the special damage, alleged in the declaration, was unobjectionable. But the testimony offered by the defendants on the writ of inquiry, should not have been rejected. It tended to show that the plaintiff had derived some benefit from the labour, which had been performed in pursuance of the first contract, and the jury might, in the assessment of damages, take that into consideration. It is proper, therefore, that there should be another inquest of damages (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden,* for the plaintiffs.

*J. Perry,* for the defendant.

(1) There was a petition for a re-hearing in this case, but it was overruled. Post, *November* term, 1833.