[a] 8 Johns. Rep. 496, 3d ed.

---

THE MAYOR AND ALDERMEN OF TUSKALOOSA *vs.* WRIGHT.

The books of a Corporation, are evidence against the Corporation, and between the members thereof, but not in their favor, in a suit brought against the body, by a stranger.

*Ex* members of a town corporation, are *ex necessitate*, competent witnesses in a suit by a stranger, against the body.

This case originated in an action of *assumpsit*, brought against the plaintiffs in error, in the Circuit Court of Tuskaloosa. The plaintiff declared, for a certain sum of money, allowed to him by resolution of the corporate authorities of the town of Tuskaloosa, in settlement of his accounts as marshal. The books of the corporation were produced in support of

the claim, by which it appeared, that the sum demanded had been allowed to the plaintiff, as charged in his declaration. The defendants contended, that the resolution had been passed in mistake, and offered to shew by the same books, the passage of a subsequent resolution of the Board of Aldermen, rescinding the first, but the Court below rejected the last resolution offered by the defendants.

The defendants then produced certain of the ex-members of the corporation, who had been in office at the time when the resolutions were passed, whom the Court excluded. Judgment having been had in favor of the plaintiff, the case was brought into this Court by writ of error.

WILSON, for Plaintiff.—The question here, arises, can the marshal of the town (Wright,) subject the corporation to debt by means of their own books, without permitting all that appears on the books, with reference to the same subject, to go to the jury? I contend that this is not allowable. It is taking a defendant's own statement against himself, and at the same time garbling that statement. The book introduced in evidence, was the property of the corporation; and if they may be forced out of the hands of the owners, to be used as evidence against them, all that they disclose with reference to the same subject matter, should go together to the jury. Suffering part to be read, and excluding the rest, was like introducing, in an action at law, the defendant's answer in chancery, and reading part of it against him, without permitting him to read the rest.

The plaintiff below in this case, had a right to prove his account against the corporation, without resorting to their book, but as he chose to resort to it, he thereby entitled the corporation to use it also on

the same subject. To admit the first, and to exclude the second, would be making an unfair use of the book of the corporation. As well might an individual, with whom I had pecuniary dealings, come into my office, take up some of my memorandums in which I had entered a charge against myself, and hold me accountable to that amount, without permitting another memorandum to be used in my favor, of a like private nature, also entered by myself, going to show that the debt so evidenced was paid off and discharged. It is not that we would prove by the book of the corporation, that Wright's account was false, but that the debt was removed by payment and set-off.

In regard to the second point: I contend that the Court erred in rejecting the evidence of John Owen, and others, because they had been members of the corporation at the time of these transactions. There is a distinction between a private and public corporation. The members of the former may have an interest that will render them incompetent to give testimony; but it is different with the others. There, the interest, if any, is slight—of a public character, and so remote, that it is no objection. Such is the corporation in this case: and the interest of the members belonging to it, is not such as will justify their exclusion from giving testimony. The inhabitants of a town have an interest in its welfare and prosperity; but it is not such an interest as will render them incompetent witnesses in a suit, in which the corporate authorities of the town become a party. Commoners, in England, were not good witnesses; for, if the common were extended or contracted, their private rights were thereby affected.

Ellis, *contra.*—Wright declared in one of the counts of his declaration on an *insimul computassent*

*assumpsit.* This record, introduced on the part of
the plaintiff, sustains this count. It shows the ac-
counting together, as charged. Wright was then
present. Orders made at other times, when he was
not present, are not admissible. It has been compar-
ed to introducing the admissions of a man against
him. What then? Because you prove what a man
has admitted, may he prove every thing that he has
said on the subject? Certainly not. He can only
prove what he said at the same time he made the ad-
missions—not what he said three days afterwards, the
other party not being present. The general rule ap-
plicable to this case, is, that the books of a corpora-
tion are evidence against them, not for them.

When the subsequent orders of the corporation
were rejected by the Court, it was attempted to intro-
duce these same men who made those orders, to im-
peach the former settlement. It was, in effect intro-
ducing a defendant to impeach his own settlement.
Such testimony is not competent. These subsequent
orders too, condemned the first settlement as wrong.
If they had made a wrong settlement, they were re-
sponsible for the error. Here was a direct interest.
They were interested to defeat this suit, and thus to
free themselves from legal responsibility.

In regard to the competency of members of a cor-
poration, as witnesses in behalf of that corporation,
I hold the rule to be, that they are inadmissible, un-
less it can be made appear, that it is from necessity
that they are introduced. The case may be assimila-
ted to that of rated parishioners: these, being bound
to pay the rates assessed for the poor of the parish,
are not competent witnesses to prove a donation to
the parish.—5 *Term R.* 174. In the present case there
is an obvious interest, All the members of the cor-
poration are interested in being released from the pay-

ment of the amount due the plaintiff; and there does not appear to be any necessity for the introduction of these men as witnesses.

By Mr. Justice HITCHCOCK :

This was an action of *assumpsit*, brought by the defendant in error against the corporate authorities of the town of Tuskaloosa, to recover the sum of one hundred and eighty dollars and forty three cents, which he claimed; it being the amount allowed him by a resolution of the Board of Mayor and Aldermen, upon a final settlement of his accounts as marshal of the town, and which was dated the 5th of September, 1831. The plaintiff read to the jury the entry of the proceedings of the corporation, as it appeared from the record book of their proceedings. The defendant then offered to read from the same record book, the proceedings of the board upon a subsequent day, to wit, the 8th September, 1831, rescinding the first resolution, re-stating his account, and reducing the amount. It appears that the plaintiff was present at the meeting of the board on the 5th, when his account was allowed, and assented to the settlement ; but that all the subsequent proceedings were had in his absence, and against his consent.

The Court refused to permit the subsequent proceedings to be read to the jury. The defendant then offered as witnesses to establish their defence, and to prove they were not indebted to the plaintiff, sundry witnesses, who, it appeared, were the mayor and aldermen of the town at the time of the above stated transactions, but who were not in office at the time they were offered as witnesses. The Court excluded their testimony, and would not permit them to be sworn. To the exclusion of the above testimony, and the rejection of the witnesses, a bill of excep-

tions was taken, and which is assigned for error here.

It is laid down in 1 *Starkie on Evidence,* (292,) that the books of a corporation, containing a register of their public acts, are evidence between the members of the body, or against the body, for they contain the rules and regulations to which they are all subject, and to which all are privy : but, they are not evidence for the corporation against a stranger. This, as a general rule, would undoubtedly apply to this case. But the plaintiff's counsel contends, that the plaintiff below, having introduced the books, has thereby made them evidence, as well for, as against the corporation, so far as they relate to the subject matter in controversy, on the ground that the admissions of a party must all be taken together.

The introduction of the books, by the plaintiff below, was confined to the establishment of a contract between him and the corporation, for such the resolution of the board must be held to be. It was a distinct admission of a debt, upon a subject properly within their control, and about which they could bind the body, and the effect of which they could not impair, by any subsequent revocation *by themselves,* unaccompanied with the assent of the plaintiff below. The introduction of it was, therefore properly rejected.

But, in the exclusion of the witnesses, the Court conceive there was error. They were not parties to the suit, at the time they were offered as witnesses, and it now seems to be admitted, that the inhabitants of corporations and *quasi* corporations, such as counties, towns, parishes, cities, &c. though they may be collectively interested in a suit, are nevertheless, [a] competent witnesses. This is from the necessity of the case.[a] These witnesses were not rejected on the ground that they were incompetent to impeach the

[a] 1 Day, 35—5 Cowen 416, 1 N. Hamp. R. 273, 1 Johns. 486, and other cases cited by Starkie, 145.

settlement made on the 5th September, but because they were members of the board at the time of the settlement, and because it must be inferred they were inhabitants of the town when they were called to testify. They are considered by the Court as competent witnesses, and that their testimony should have been received, so far as it might be applicable to the issue before the Court, under the ordinary rules of evidence. For this error, the cause must be reversed and remanded.