Reynolds *agt.* Mynard and others.

REYNOLDS, plaintiff in error, *agt.* MYNARD and others, trustees, &c., defendants in error.

### Questions discussed.

1. Whether a justice of the peace has *jurisdiction* of an action, brought against the trustees of a school district, to recover a portion of a school teacher's wages, where the question has been submitted by the trustees to the county superintendent of common schools, and decided by him?

2. Whether an inhabitant of a school district, who has sent to school, and liable consequently to taxation, to raise funds to discharge the teacher's wages, has such an *interest* as to *disqualify* him from being a *witness* in an action brought to recover such wages?

This action was brought in a justice's court, by Robert Reynolds, against Henry H. Mynard, Alexander Barratt, and Avery Smith, trustees of school district No. 15, in the town of Austerlitz, in the county of Columbia, to recover damages for the breach of a contract made between the parties, by which the plaintiff agreed that his minor son, Truman N. Reynolds, should teach school in said district for the term of four months, at nine dollars per month; and also for the recovery of his wages due upon the contract, alleging that his son entered upon the employment and taught the school according to the contract for the period of three months, and was ready and willing, and offered to teach the remaining month, but that the defendants refused to permit him so to do.

It appeared on the trial that the trustees dismissed T. N. Reynolds, the teacher, for alleged indecorous conduct after he had kept the school for three months, and refused to pay him wages for any longer time; and upon presentation of a statement of the facts made by them, which Reynolds had no opportunity to controvert, obtained the written decision of David C. Wooden, county superintendent of common schools for the county of Columbia, affirming their proceedings, and directing that the trustees should pay the plaintiff for the time his son was actually in school, that is, three months—which decision had not been appealed to the superintendent.

The defendants then, under their notice, asked to be dis-

charged from the suit, alleging that the justice had no jurisdiction; which application was denied by the justice.

The defendants then introduced testimony, and called one George Adsit as a witness, who was sworn, and having testified that he was an inhabitant of said school district, and had sent to the school taught by plaintiff's son in the district, and had not paid his school bill—was objected to by the plaintiff as a witness, on the ground of interest; and the justice refused to allow him further to testify in the suit.

The defendants then called one Heman Sprague, jr., as a witness, who was objected to by the plaintiff, on the ground that he was interested.   Sprague was sworn as to his interest, and testified that he resided in said school district, and owned property liable to be taxed in it; that he sent two scholars to the school taught by Reynolds, and had not paid his school bill. The justice decided that he was incompetent, and refused to permit him to testify in the suit.

After all the testimony had been given on both sides, the justice on the 23d of August, 1844, rendered judgment against the defendants for $17 30 damages, without costs.   The defendants brought certiorari and carried the cause to the Columbia common pleas, where, in October, 1845, the judgment of the justice was affirmed.   The defendants thereupon brought a writ of error, and removed the judgment to the supreme court, where, in July term, 1846, the judgment of the common pleas was reversed, with costs: that court *holding*, that the justice erred in rejecting Adsit and Sprague as witnesses for the defendants, on the ground assumed; that their interest was too remote and contingent to *disqualify* them; and at most affected only their credit.   The plaintiff, Reynolds, brought error to the supreme court, and removed the judgment into the court for the correction of errors, which was subsequently transferred to this court.

*Charles B. Dutcher*, attorney and counsel for plaintiff in error.

*First.*   The justice had jurisdiction in this case. (2 *R. S. 3d ed.* 324, § 2; 4 *Hill*, 168; 7 *Wend.* 181; 2 *R. S.* 569, § 110.)

---

Reynolds *agt.* Mynard and others.

---

*Second.* The motion for a non-suit was properly overruled by the justice. (10 *Wendell's Rep.* 519 ; *Cowen's Treatise,* 880.)

*Third.* The question put to the witness, Mr. Wooden, by defendant's counsel, was properly overruled by the justice.

*Fourth.* The witnesses, Adsit and Sprague, were properly rejected on the ground that they were interested. (1 *R. S.* 3d *ed.* 546, §.113—*sub.* 7, 8, 9, 13, 14 ; *Randall's Common School Digest,* 198 ; 4 *Hill,* 168 ; 11 *John. Rep.* 57 ; 16 *John. Rep.* 89 ; 9 *Cow. Rep.* 128 ; 16 *John. Rep.* 70 ; 5 *John. Rep.* 258.)

*Fifth.* Whether the trustees were justified in discharging the teacher or not, was a question of fact submitted to, and passed upon by the court below, and this court will not interfere.

☞ *Mʿ Call* v. *Smith,* 2 *Mʿ Cord,* 375 ; 2 *Stark. Ev.* 745, *ed.* 1826 ; *do.* 779—to discharge district from repair of highway ; 1 *Gilb. Ev.* 225, 240, *Lofft's ed.*—as mere *corporator,* interest too remote.  But here not only corporators, but were the *particular persons to pay the wages.*  Only a part of the district or corporators had sent to school.  And no others liable to tax for teacher's wages, except where some scholars exempted— then a district generally. ☜

☞ *Reply*—2 *D.* 609, *Damages ;* 1 *Richardson's S. C. Law Rep.* 364. ☜

*P. W. Bishop, attorney,* and
*Henry Hogeboom, counsel* for defendant in error.

*First.* 1. The justice had no jurisdiction of the cause. (*Decision of superintendent,* 1841, *p.* 180 ; 11 *Wend. R.* 90.)

2. This case is within the provisions of the act of April 20, 1830, (1 *R. S.* 481.)

3. Deputy superintendents, same power as superintendents. (*Sess. Laws.* 1841, *p.* 236.)

4. Teachers are presumed to make their contracts with full knowledge of the law. (*Decis.* 1837, *pp.* 101–2.)

*Second.* 1. The justice erred in refusing to non-suit plaintiff

when he rested his cause, for the reasons mentioned in first point.

2. The justice erred in refusing to non-suit plaintiff, when the defendants rested and made the motion. It then appeared plaintiff's son was hired upon *condition* that he kept a good school, obtained the certificate of the superintendent, &c. These averments are not in the declaration. (*Cow. Tr.* 583; *do.* 96–7; *do.* 591 *to* 594; *do.* 918 *to* 921.)

*Third.* 1. The justice erred in permitting plaintiff to prove contents of affidavit, without requiring its production. (*Cow. Tr.* 924–5.)

*Fourth.* 1. The justice erred in excluding the testimony of Adsit and Sprague. (*Starkie on Evidence*, 85–6; *do.* 101–2; *and note D. ; do.* 124; 8 *John. R.* 462; *Falls & Smith* v. *Belknap*, 1 *do.* 491; *Cowen* v. *Hawes*, 11 *do.* 76; *Bloodgood* v. *Overseers of Jamaica*, 12 *do.* 285; 1 *Cowen and Hill's notes to Philips' Evidence*, 92, 37–8, 139, 1541; 6 *Hill*, 407; 4 *Paige*, 510; 2 *R. S.* 481, § 113.)

☞ Many contingences. So far as appears, Adsit may have been exempt from tax. No proof he had any property. (11 *W.* 92.)

2. The objection would only go to the credibility of the witnesses. (14 *J. R.* 81–3; 5 *do.* 258; 10 *do.* 21; 9 *do.* 219; 1 *do.* 486; 12 *do.* 285; 5 *Wend.* 55; 3 *Hill*, 579.)

*Fifth.* 1. The justice erred in permitting plaintiff to prove what board was worth, it not appearing that his son was unable to obtain employment; and he erred in giving judgment for the four months at the contract price. (21 *Wend.* 457; 2 *Denio*, 609.)

2. The justice should have given judgment for only three months' service, as he says himself he was satisfied. Defendants acted in good faith in discharging plaintiff's son, which is the conclusion he comes to upon the evidence, which certainly destroys the effect of the evidence given by plaintiff, that defendants wanted to get rid of his son because they had all " drawn wood," &c.

*Sixth.* 1. The evidence shows a complete justification on

the part of the defendants for discharging the plaintiff's son. (*Cow. Tr.* 111–12, *and cases there referred to.*)

JEWETT, C. J.   Several questions were made on the argument, by the counsel for the defendants; but, from the view I take, it is only necessary to examine the question, whether the rejected witnesses, or either of them, were *competent* for the defendants on that trial.   The rule is well established that,—

The interest which *disqualifies*, must be some legal, certain, and immediate interest, however minute, either in the event of the cause itself, or in the record, as an instrument of evidence, in support of his own claims in a subsequent action.   (1 *Greenleaf Ev.* § 386; 1 *Stark. Ev.* 102; *Stockholm* v. *Jones*, 10 *John.* 21; *Van Ness* v. *Tirham*, 3 *Johns. Cases*, 82; *Bent* v. *Baker*, 3 *Ter. Rep.* 27; *Rex* v. *Barton*, 4 *East*, 581; 1 *Gilbert Ev. by Lofft, p.* 225.)   A remote or contingent interest, only, affects the *credit*.   (*Needham* v. *Law*, 12 *Mees. & Wells.* 559; *Falls* v. *Belknap*, 1 *John.* 491.)   The latter was an action upon a bastardy bond, by the overseer of the poor of the town of New Windsor.   On the trial, a freeholder, and inhabitant of that town, was called as a witness, in behalf of the plaintiff, to prove that the town had been damnified, &c.   On objection to his competency, on the ground of interest, it was held that although the witness was liable to be rated for the support of the poor of that town, his interest was too remote and contingent to render him incompetent, and the court added that that point had been repeatedly ruled, and was then well settled.   The same principle was again repeated and applied in *Bloodgood* v. *Overseers of Jamaica*, (12 *John. Rep.* 285.)

2 *R. S., p.* 473, *Article* 4, provides for proceedings by and against public bodies, having certain corporate powers, and by and against the officers representing them.   Sec. 92 provides for suits to be brought by certain county and town officers, and by trustees of school districts, upon any contract lawfully made with them or their predecessors, in their official character, to enforce any liability, or any duty enjoined by law, to such officers, or the body which they represent.   Sec. 96 provides for actions against such officers, individually, to be commenced in

Reynolds *agt.* Mynard and others. ·

the same manner as against individuals, specifying in the process, &c., their name of office. Sec. 100 provides that such suits shall not abate, &c., by the death of such officers, their removal from or resignation of their offices, or the expiration of their term of office ; and provides for the substitution of the names of the successors in such office, upon the application of such successors, or of the adverse party. (*Colegrove* v. *Breed*, 2 *Denio*, 125.)

Sec. 108 provides that, in such suits, the debt, damages or costs recovered against them, shall be collected in the same manner as against individuals, and the amount so collected shall be allowed to them in their official accounts.

By our common school system, school districts are constituted *quasi* corporations, represented by their trustees for the time being : excepting in such matters as are provided by the statute to be done by the inhabitants thereof, entitled to vote when assembled in school district meetings, and by certain other officers of the district prescribed by statute. (2 *Kent's Com.*, 5th ed., 278 ; *Silver* v. *Cummings*, 7 *Wen.* 181 ; *Grant* v. *Fancher*, 5 *Cow.* 309 ; *Todd* v. *Birdsall*, 1 *Cow.* 260 ; *Williams* v. *Keech*, 4 *Hill*, 168.)

The general powers and duties of the trustees of school districts are defined and provided by 1 *R. S.* 481, § 75, and by subsequent statutes embodied in 1 *R. S.*, 3 *ed.*, *p.* 538.

A school district in this State, although a *quasi* corporation, can neither sue or be sued in its corporate name. Our statute provides that it shall be represented by its trustees, who have power to sue in its behalf, and are subject to be sued on its account. No private action, unless given by statute, lies against such corporations for a breach of corporate duty. (*Russell* v. *The Men of Devon*, 2 *Term R.* 667.) Having no corporate fund, each inhabitant would be liable to satisfy the judgment. The common law does not impose this burden ; though a state may. But the supreme court of Massachusetts, in the case of the *Inhabitants of the Fourth District School of Rumford* v. *Wood*, (13 *Mass.* 192,) expressly decided that the inhabitants of school districts might be considered, under their institution, as *quasi*

40

corporations, and might sue as a corporation by its corporate name.

The only interest which it is pretended Adsit or Sprague had to be affected by the result of the suit, was, that the question to be decided involved an increase or diminution of the funds of the district, so as to add to, or lighten the burden of taxation upon them as individual members of the school district or corporation. It is well settled, that a mere liability to be rated or taxed constitutes an interest too remote and contingent to operate as the ground of exclusion. (*King* v. *Proper*, 4 *Term Rep.* 17; *Falls* v. *Belknap, supra,* 1 *Johns.* 486; *Bloodgood* v. *Jamaica, supra,* 12 *John. R.* 285; *The City Council* v. *King,* 4 *McCord,* 487; *Smith* v. *Barber,* 1 *Root,* 207; *Hunter* v. *The Trustees of Sandy Hill,* 6 *Hill,* 407; *The village of Watertown* v. *Cowen,* 4 *Paige,* 510; *Cow. & Hill's notes, p.* 92, 125, 126, 1541; *Eustis* v. *Parker,* 1 *N. Hamp. Rep.* 273.

The rule seemed to be well settled in many of our sister states, that a corporation of a state, county, town, village, school district, or other corporation formed for municipal purposes, is a competent witness, in behalf of his corporation, in respect to corporate claims, or liabilities of all kinds, if he have no personal interest beyond that of a corporator. (*Methodist Epis. Ch. of Cincinnati* v. *Wood,* 5 *Harn,* 583; *Mayor, &c.,* v. *Wright,* 2 *Porter,* 235; *State* v. *Davidson,* 1 *Bailey's S. C. Rep.* 35; *Cox* v. *Way,* 3 *Blackf.* 143; *Fuller* v. *Hampton,* 5 *Conn. R.* 416.)

The general result of the cases is expressed by the supreme court of Ohio, in the case above referred to, as follows:—" In cases where corporations of a *public nature,* comprehending the divisions of the state, or institutions for charitable or pious purposes, such as counties, towns, school districts, religious or charitable societies, are parties to the record, or interested, the members of the corporation, having no individual interest, are competent witnesses."

But, in the decision of the case at bar, it is not necessary to go that length. The individuals who were rejected as witnesses in this case, were in no sense parties to the record, and therefore

could not be directly affected by the result, either as individuals or as corporators. I am of opinion that there is no error in the judgment of the supreme court, and that it should be affirmed.

JOHNSON, J.—The counsel for the defendants is mistaken in supposing that the justice had no jurisdiction in this case, or that the action was barred by the decision of the county superintendent. Trustees of school districts are liable to be sued upon contracts made by themselves and their predecessors in office. (*Williams* v. *Keech*, 4 *Hill*, 168; *Silver* v. *Cummings*, 7 *Wen.*, 181; 2 *R. S.* 473–4, secs. 92–96.

It is provided by 1 *R. S.*, 487, sec. 124, that "any person conceiving himself aggrieved in consequence of any decision made," amongst other things, "by the trustees of any school district, in paying any teacher, or refusing to pay him, or refusing to admit any scholar gratuitously into any school, or concerning any other matter under this title, may appeal to the superintendent of common schools, whose decision thereon shall be final." By a subsequent enactment, (*Sess. Laws.* 1843, *chap.* 133, sec. 7,) it is provided that all such appeals shall be made in the first instance to the deputy superintendent of the county, whose decision shall be final, unless appealed from to the superintendent, within fifteen days. Under these provisions, trustees may appeal whenever any decision is made against their district by other officers; but they cannot appeal from their own. It is only the party aggrieved by the decision who is authorized to appeal. It may be that if the plaintiff—who, if any one, was the aggrieved party in this case—had seen proper to appeal to the deputy superintendent, and thus submit himself to his jurisdiction, his decision would have been final unless appealed from: provided notice had been given to the other parties, so as to give them an opportunity of being heard; but not otherwise. He was not, however, bound to appeal, as the statute has not taken away the jurisdiction of courts of law in such cases. (*Crittenden* v. *Wilson*, 5 *Conn.* 165; *Malcom* v. *Rogers*, *id.* 188.)

But the justice erred in rejecting the witnesses offered by the

defendants, Sprague and Adsit.   They were inhabitants of the district, and neither had paid his proportion of the teachers' wages.   Unless, therefore, there were public moneys applicable to that purpose sufficient to pay the teachers, or they had been exempted as poor persons, both were liable to have their proportion of such wages collected from them by a rate bill, and warrants issued by the trustees.  But as it was not shown how this was, it did not certainly appear that either would be liable in any event.   Had their liability for teachers' wages, however, been made clearly to appear, they were still competent witnesses, as the objection only went to their credibility.

It is insisted by the plaintiff's counsel, that a person liable for teachers' wages, stands in a different situation from an inhabitant of a school district, liable to be taxed for building or repairing a school-house, or for other general tax levied upon the taxable inhabitants of the whole district ; and that the interest of the former is more direct and certain than that of the latter.   But I can perceive no difference in principle.   In the one case, he is taxed because he has sent to school, and in the other, because he owns taxable property in the district ; and it is perfectly immaterial whether reference is had to the teachers' list, or to the assesment roll, to ascertain what proportion of the whole amount he is to pay.   The reason why neither should be excluded in a suit between trustees and third persons, is that neither of them has any immediate and direct interest in the verdict or judgment to be rendered.   It could not be given in evidence in their favor, nor against them, in any subsequent suit.   It cannot be necessary to cite authorities in support of a principle so well settled.   Judgment of the supreme court affirmed.

DECISION—*judgment affirmed, unanimously.*

NOTE.—JEWETT, C. J., *held,* that the only interest which it was pretended Adsit or Sprague had, to be affected by the result of the suit, was, that the question to be decided involved an increase or diminution of the funds of the district, so as to add to or lighten the burden of taxation upon them as individnal members of the school district or corporation.   It was well settled, that a mere lia-

bility to be rated or taxed, constitutes an interest too remote and contingent to operate as the ground of exclusion.

These individuals were in no sense parties to the record, and therefore could not be affected by the result, either as individuals or corporators.

JOHNSON, J., *held*, that the justice had jurisdiction in the case. That the decision of the deputy superintendent did not bar the action. That the plaintiff was the aggrieved party, who only could appeal; and that he was not bound to appeal, as the statute had not taken away the jurisdiction of courts of law in such cases.

Also *held*, that if the case had clearly shown (which it did not) the liability of Adsit and Sprague for the teachers' wages, they were still competent witnesses, as the objection only went to their *credibility*. They had no immediate and direct interest in the judgment rendered. It could not be given in evidence in their favor, nor against them in any subsequent suit.

*Not reported.*