PACK *vs.* THE MAYOR, &c. OF THE CITY OF NEW-YORK.

In an action against the " mayor, aldermen and commonalty of the city of New-York," one of the aldermen is a competent witness for the defendants, both at the common law and under the code of procedure.

In a suit against a municipal corporation, one of the corporators is not a party within the meaning of § 399 of the code, so as to be excluded as a witness.

That section should not be so construed as to include any one who is not, by name, a party to the action. *Per* BRONSON, C. J.

At the common law a party could not be sworn as a witness, for himself or a co-plaintiff or defendant; and this was the rule, it seems, although such party had no interest in the suit.

But a corporator, although an officer of the corporation, was not a party within the meaning of the rule.

Nor at the common law was a member of a public corporation incompetent as a witness on the ground of interest. The rule was, however, otherwise in re spect to members of private corporations.

Whether a father, whose minor child has been so injured by the negligence of another that he dies, can recover any higher damages than medical and funeral expenses, *quere.*

APPEAL from the court of common pleas of the city of New-York, where Pack brought an action on the case against the mayor, aldermen and commonalty of that city. On the trial in May, 1849, it appeared that in 1847 certain persons employed by the city corporation were engaged in excavating and blasting rocks on the Bloomingdale road; that fragments of rock were thrown against and entered the house of the plaintiff, situated on that street, whereby his wife and son, a lad eight years old, were injured, the latter fatally, so that he died in an hour and a half. After the plaintiff had rested, Mr. Jackson, one of the aldermen of the city, was called as a witness for the defendants, but was objected to by the counsel for the plaintiff. The court sustained the objection, and the witness was excluded. In the course of the trial the plaintiff, under objection by the defendants' counsel, proved that the boy was a healthy, lively and intelligent lad. The court, among other things, charged the jury that the plaintiff could recover only the probable pecuniary profit of the child's services until he would have

become of age.   The plaintiff had a verdict for $1000, and after judgment the defendants appealed to this court.

*H. E. Davies*, for appellants.

*C. Nagle*, for respondent.

BRONSON, Ch. J.   This is an action- on the case against the city of New-York, by its corporate name of "the mayor, aldermen and commonalty of the city of New-York;" and on the trial the defendants called Moses W. S. Jackson as a witness, who, for the reason that he was one of the aldermen of the city, was rejected by the court as being incompetent.   He could not be excluded on the ground of interest, unless he was also a party to the action ; (*Code*, §§ 398, 399;) and if he was in any sense a party, I think he was not one within the meaning of the code.   The action was not brought against the men holding the offices of mayor and aldermen, nor against any other individual; but against the corporation of the city.   The death or resignation of the mayor and all the aldermen would not work an abatement of the suit; and if the plaintiff recovers, the judgment will not be against any individual, but against the legal entity created by the charter.   Although the "aldermen" are named in, and are an integral part of the corporation, so also are the "commonalty"; and an alderman is no more a party to the suit, than is every one of the four hundred thousand inhabitants of the city.   They are all alike corporators, and are all named as such ; and if one is not a competent witness for the corporation, neither is the other ; and the corporation can have no witnesses without going beyond the limits of the city.   This is a far reaching question.   If the citizens of New-York are excluded from being witnesses for the corporation, then the inhabitants of every town, county, or other civil division in the state, must be rejected when their division is a party and needs their testimony ; and the state itself—which is only a larger corporation—can not, when a party to a civil suit, call a citizen as a witness.   The principle is the same in all

these cases. There is nothing in the language of the code which makes it necessary for us to say, that a corporator is a party to a suit brought by or against the corporation; and I think the word "party," as it is used in the 399th section, should not be so construed as to include any one who is not by name a party to the action. It follows, that Jackson was improperly rejected.

Jackson was also a good witness at the common law. It is a general rule that a party to the record can not be a witness for himself, or for his co-plaintiff or defendant, against the adverse party. Mr. Phillips thinks the rule is founded solely on the ground of interest in the event of the suit. (1 *Phil. Ev.* 45, *Am. ed. of '*49.) Mr. Starkie thinks it founded partly upon interest, and partly upon a principle of policy. (2 *Stark. Ev.* 797, *Am. ed. of '*42.) Our cases exclude a party because he is a party; some of them going so far as to exclude him although he has no interest in the event of the suit. (*Frear* v. *Evertson,* 20 *John.* 142; *Schermerhorn* v. *Schermerhorn,* 1 *Wend.* 119; *Supervisors of Chenango* v. *Birdsall,* 4 *id.* 153; *Benjamin* v. *Tillman,* 19 *id.* 353; *Mills* v. *Lee,* 4 *Hill,* 549; *Norton* v. *Woods,* 5 *Paige,* 249.) But the question still remains, who is a party to the action within the meaning of the rule: and in a suit by or against a corporaion, a corporator, though also an officer, is not such a party. He may be interested in the event of the suit, and be excluded for that reason; but not on the ground that he is a party. There is no difference in this respect between an officer and any other member of the corporation. In *Weller* v. *The Governors of the Foundling Hospital,* (*Peake's N. P. Cas.* 163,) Lord Kenyon admitted several of the governors as witnesses for the defendants, on the ground that they were sued in their corporate, and not in their natural and individual capacities, and had no interest in the event of the suit. When the proceedings are against the inhabitants of parishes and other districts, relative to settlements of the poor, repairs of highways and bridges, and other questions affecting the rates of the district, the rated inhabitants are, in England, held to be incompetent witnesses; not, however, because they are

parties, but because they are interested; but inhabitants who are not in fact rated are admitted as competent witnesses for the district, even though they may have property, and might have been rated. (*The King* v. *Prosser*, 4 *T. R.* 17; *The King* v. *Inhabitants of South Lynn*, 5 *id.* 664; *The King* v. *Inhabitants of Kirdford*, 2 *East*, 559; 1 *Phil. Ev.* 48.) And in this state, the cases of *Van Wormer* v. *The Mayor, Aldermen and Commonalty of the city of Albany*, (15 *Wend.* 262,) and *The Trustees of Watertown* v. *Cowen*, (4 *Paige*, 410,) are directly in point to show that a corporator, though also an officer of the corporation, is not within the rule which excludes a party to the record. It was held that the mayor in the one case, and a trustee in the other, were competent witnesses for the corporation. Several other cases to the same effect are collected in note 37, *by C. & H. to* 1 *Phil. Ev.* 48. It must therefore be regarded as settled, that in a suit by or against a corporation, neither a corporator nor an officer can be rejected as an incompetent witness for the corporation, on the ground that he is a party to the record.

It remains to be considered whether Jackson should have been rejected on the ground of interest. He was a member of a municipal corporation, instituted for the purpose of public government within a certain district of country. Though an officer of the corporation, he was not answerable for either the damages or costs which might be recovered, and had no other or different interest in the event of the suit, than every other corporator or inhabitant of the city. If he was not a competent witness for the city, then no inhabitant or citizen is a competent witness for his town, county, or state, when it is a party to a civil suit. It did not appear that Jackson was either a taxed or taxable inhabitant of the city; and it lies on the party objecting to a witness on the ground of interest, to show how he is interested. Unless Jackson was actually taxed, even though a taxable citizen, he was a competent witness within the English cases already cited. And besides, our cases make no such distinction as that which prevails in England between a taxed and a taxable inhabitant; but whether taxed or not, the inter-

est of a corporator in a state, county, town, or other public corporation, is considered too remote and contingent to exclude him from being a witness for the corporation. He will be received, unless he has some personal interest beyond that of corporator. (*Falls* v. *Belknap,* 1 *John.* 486; *Corwein* v. *Hames,* 11 *id.* 76; *Bloodgood* v. *Overseers Poor of Jamaica,* 12 *id.* 285; *Matter of Kip,* 1 *Paige,* 601; *Trustees of Watertown* v. *Cowen,* 4 *id.* 510.) Cases in other states to the same effect are collected in *Cowen & Hill's Note* 37 to 1 *Phil. Ev.* 48. The distinction is between public and private corporations; members of the first being competent, while members of the other are incompetent witnesses for the corporation. This distinction has ceased to be one of practical importance with us, as interest alone, however direct and certain, is no longer a ground for excluding a witness. (*Code,* §§ 398, 399.)

Whether we go upon the old or the new law, Jackson was a competent witness, and the common pleas erred in rejecting him.

The child died within an hour and a half after the injury; and I have a strong impression that the father could recover nothing on account of the injury to the child beyond the physician's bill and funeral expenses. (*See Reeve's Dom. Rel.* 291, 377; *Ford* v. *Monroe,* 20 *Wend.* 210.) But the word "only," in the charge of the judge touching this question, makes it doubtful how the charge ought to be understood; and I shall not, therefore, examine the point.

The judgment must be reversed on the ground that Jackson was improperly excluded as a witness.

Judgment reversed.