## LEFEBRE vs. UTTER.

PLEADING AND PRACTICE: *In trespass to chattels, defendant must object to the non-joinder of joint owners, by demurrer or answer.*

1. If the objection that plaintiff in trespass to chattels was only a part owner of a portion of them, is properly taken by demurrer or answer, evidence of the trespass *as to that portion* should be excluded.
2. The objection not being so taken, defendant can avail himself of the joint ownership only in mitigation of damages.

APPEAL from the Circuit Court for *Winnebago* County.

Trespass. The complaint avers that defendant, on, etc., with force and arms, wrongfully broke and entered plaintiff's close (describing it), broke to pieces and tore down his fences thereon, and, with various domestic animals named, eat up, trod down and destroyed his grass growing thereon, etc., etc., to his damage, etc. For a second cause of action it avers that, on, etc., and at divers other times between the day named and the commencement of the action, defendant, with force and arms, wrongfully broke and entered said close, and with said domestic animals did tread down, spoil,

consume and destroy plaintiff's hay, then and there being on said premises, to his damage, etc. It was stipulated by the parties, that plaintiff might introduce proof of any trespass of the character alleged, committed within six years before the commencement of the action. The answer set up an accord and satisfaction as to part of the trespasses complained of, and also a license from plaintiff to defendant.

On the trial, plaintiff testified that part of the stacks of hay on the premises were owned by himself alone, and part by himself in common with other persons, plaintiff having a half interest; and he was then permitted, against objection, to testify as to the injuries done by defendant's cattle to the hay thus owned in common, as well as to that of which he was sole owner. One Loper, as a witness for plaintiff, was asked whether he ever saw defendant turn his cattle into plaintiff's land, and the question being objected to, plaintiff's counsel stated that they sought only to show that defendant's cattle were on the premises within the time alleged, and disclaimed any intention of offering the testimony to show a willful or malicious trespass. The objection was overruled, and the witness testified that at a certain time he saw defendant turn his cattle into plaintiff's premises.—After other evidence on both sides, the court charged the jury that they might allow the plaintiff for all the damage done to his separate property, and one-half of that done to the hay owned by him in common with other persons, and situate on the premises described in the complaint. It also instructed them that they could not allow plaintiff vindictive or punitive damages, as this was not a case of willful or malicious trespass.

Verdict and judgment for plaintiff; and defendant appealed.

*Hooper & Bailey*, for appellant, contended that it was error to admit evidence of injury done to hay which plaintiff owned

in common with other persons. He did not waive the objection that some of the parties in interest were not made parties to the suit, because it appears that plaintiff had separate property injured by the defendant's cattle, and defendant had no notice of what damages plaintiff proposed to prove except that given by the complaint; and the natural interpretation of the words "the grass of the plaintiff," is, the grass of which he was sole owner. 1 Greenl. Ev., p. 69, § 51; 1 Phil. Ev., C. & H.'s Notes, notes 239, 240; R. S., chap. 125, sec. 35; *Commonwealth v. Trimmer*, 1 Mass., 476; 17 Barb., 274; 28 id., 441; 30 id., 389; 4 Duer, 318. Again, the injury to plaintiff's property, and that to property owned by him and another, are distinct causes of action, and require a separate statement. And we think a separate action cannot be maintained under the code, by one tenant in common of personal property, without making his co-tenant a party either as plaintiff or defendant. R. S., chap. 122, secs. 18, 19, 20; 9 How. Pr. R., 569; 8 id., 518; 6 Duer, 691; 3 Abb., 332; 1 Monell's Pr., 325–6; Van Santv. Pl. (2d ed.), 122–3. Would the record in this case support a plea of prior judgment in bar as to plaintiff, in an action by plaintiff and his co-tenant for a trespass to the joint property? 2 C. & H.'s Notes, 22; 2 Johns., 24. 2. The question put to Loper was improperly sustained. The complaint did not charge that the trespass was willful. The natural effect of the question was to excite prejudice against the defendant in the minds of the jury.

*Felker & Weisbrod*, for respondent:

At common law, in actions *ex delicto*, objection to nonjoinder of parties plaintiff must be taken by plea in abatement, or by apportionment of damages at the trial. 1 Chitty's Pl. (13th Am. ed.), 66; *Rich ads. Penfield*, 1 Wend., 380; *Wheelwright v. Depeyster*, 1 Johns., *471 (*486); *Bradish v. Schenck*, 8 id., 151; *Brotherton v. Hodges*, 6 id., 108; *Bloxam v.*

*Hubbard*, 5 East, 407.   Under the code, it must be taken by demurrer or answer, or is waived.   R. S., chap. 125, sec. 9; 14 Wis., 279–81; 18 id., 529; 13 N. Y., 322.

DIXON, C. J.   It appears to be well settled, say the court in *Wheelwright v. Depeyster*, 1 Johns., 486, that in actions of trover or trespass, the plaintiff may sue separately for his aliquot share or proportion of interest in a chattel, and that the defendant may give the joint interest of the other part owners in evidence in mitigation of damages, but that he cannot avail himself of the omission of the plaintiff to unite the other tenants in common with him in the suit, otherwise than by pleading it in abatement.   He cannot take advantage of it at the trial.   Mr. CHITTY (1 Pl., 66) lays down the same rule in all actions in form *ex delicto*, and says that the defendant cannot, as in actions in form *ex contractu*, give in evidence the non-joinder as a ground of nonsuit, on the plea of the general issue, or demur, or move in arrest of judgment, or support a writ of error, although it appear on the face of the declaration or other pleading of the plaintiff that there is another party who ought to have joined.   And if one of several part-owners of a chattel sue alone for a tort, and the defendant do not plead in abatement, the other part owners may afterwards sue alone for the injury to their undivided shares, and the defendant cannot plead in abatement of such action.   By the code (R. S., chap. 125, secs. 5, 8, 9), the objection must be taken by demurrer or answer, and if not so taken, it is waived.   It will be seen from these citations that the remedy by plea in abatement, or, as now, by demurrer or answer, is not very much favored, and that that given by way of apportionment of the damages is considered fully as efficacious, and quite sufficient to secure the defendant in all his legal rights.

The only difference between this case and those in which

the question has ordinarily arisen is, that here the plaintiff was sole owner of part of the property (stacks of hay) which was destroyed. The acts of trespass were the same both to the stacks of which the plaintiff was sole owner and those which he owned in common with another. This fact appearing in evidence, the defendant objected to any testimony as to the destruction of the stacks of which the plaintiff was but part owner. The court overruled the objection, and received the testimony, to which the defendant excepted. We see no error in the ruling. Had the defendant answered that the plaintiff was but part owner of some of the stacks, the evidence as to those stacks would have been excluded. As it is, he has lost no substantial right, and the judgment ought not to be reversed.

The other objection to the question put to the witness Loper, whether he ever saw the defendant turn his cattle into the plaintiff's land, was not much urged at the argument. The plaintiff's counsel disclaimed at the time any intention of charging the defendant with a willful trespass, and the court instructed the jury that it was not a case in which damages for such a trespass could be given. This seems to have obviated all objection to the form of the question, if any existed, and to show that the jury were not misled to the prejudice of the defendant.

Judgment affirmed.