THE STATE OF NEVADA, RESPONDENT, *v.* THE FIRST NATIONAL BANK *et als.*, APPELLANTS—NO. 3.

PARTIES—PLAINTIFF IN ACTION FOR DELINQUENT SCHOOL TAXES.  The " State of Nevada" is the proper party plaintiff in a suit for delinquent school taxes under Section 35 of the Act of March 20, 1865, relating to schools (Statutes of 1864–5, 419).

SUIT FOR DELINQUENT SCHOOL TAXES—CONSTRUCTION OF SCHOOL LAW.  Section 35 of the school law of March 20, 1865, (Statutes of 1864–5, 419) providing that delinquent taxes for school purposes shall be recovered "in the same manner and with the same costs as delinquent State and County taxes," means not only that the form of action and mode of procedure shall be the same, but also that the State of Nevada shall be the party plaintiff in both.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

. The amount of delinquent school tax sought to be recovered in this action was four hundred and thirty-one dollars and ninety-five cents.   The suit was against the bank, its real estate and improvements, and certain fictitious persons.   The bank made no appearance, and judgment by default was rendered against it for the amount claimed.

*Thomas Wren* and *George S. Hupp*, for Appellants.

*H. Mayenbaum*, for Respondent.

By the Court, WHITMAN, J.

Appellants object to the judgment rendered on default.   First, that " the complaint does not show a cause of action in favor of the plaintiff."   Second, that " the real parties in interest are the inhab-

itants of Austin School District, and the action should have been prosecuted in the name of the Trustees of said District."

The action is brought under the "Act to provide for the maintenance and supervision of public schools," approved March 20th, 1865, and the plaintiff is as prescribed by the thirty-fifth section thereof. The judgment is affirmed.

By JOHNSON, J., dissenting.

This appeal is from a judgment of the District Court of the Sixth Judicial District against the First National Bank *et als.*, wherein the State of Nevada was the plaintiff, to recover a sum of money levied in pursuance of a special election for the purpose of building a school-house in the Austin City School District. The prevailing opinion shows the points made by appellants, which present but a single question, whether the action was properly brought in the name of the State. In my judgment it was not.

In the absence of statutory law creating boards of school trustees corporations, it has quite uniformly been held that such boards may be considered *quasi* corporations, with certain powers and responsibilities, coëxtensive with the duties imposed on them, among which are that of suing and being sued, in respect to the matters committed to their charge. (Angell & Ames on Corporations, § 24; 1 Cowen, 260; Id. 670; 5 Cowen, 309; 13 Mass. 192, and authorities there cited.)

But even if this were not the settled law in this State, the statute has removed all doubt. "The District Boards of School Trustees shall constitute a body corporate. * * Said Boards of Trustees shall have further power, directed by a vote of their District, to purchase, receive, hold and convey real or personal property for school purposes; to build, purchase, hire and repair school-houses, and to supply the same with necessary furniture, and to fix the location of school-houses." (Acts 1864–5, p. 419, Sec. 25.)

If such Boards in the absence of a statute may be treated as corporations, with the power " to sue and be sued," certainly, when as shown here, the statute has expressly declared them to be bodies corporate, they must possess the like power, unless restricted by provisions of this or some other Act. But it is claimed that the

effect of Sec. 35 of the school law is to authorize suits of this character to be prosecuted in the name of the State. The part of the Act thus referred to, is as follows: "And said tax, if not paid within the time limited in the next succeeding section for its payment, shall be recovered by suit, in the same manner and with the same costs as delinquent State and County taxes." My understanding of this part of the section, *i. e.*, "in the same manner," is merely a general direction as to the form of the action and mode of procedure, without reference to the question of parties to such action, leaving it in that regard controlled by the general principles before stated, and the further provision of our code, that all civil actions shall be prosecuted in the name of the real party in interest, which in this case was the Board of Trustees in their corporate capacity.

On a former occasion this Court, in the case of *The State* v. *The Yellow Jacket Company*, had before it an action of a similar character and prosecuted in the same way, but the question now made was expressly waived by counsel at that time, and the judgment of the Court taken on other points. Indeed, the views herein expressed were in some measure sanctioned in that instance, in permitting the Attorney General to represent the Yellow Jacket Company, the party adverse to the State; whereas, if the suit was properly prosecuted in the name of the State, this could not have been allowed, as it is the duty of that officer under the law to represent the State in all cases wherein it is a party, in this Court. I did not conceive then that it was, properly speaking, a State suit, and hence supposed that the Attorney General might appear for the defendant without violating any official duty.

Entertaining these views, I must dissent from the reasoning and judgment of my associates in this case.