By the Court;
Monell, J.
The chapter of the Code relative to the examination of an adverse party, as a witness, has undergone few amendments, and is now substantially the same as when originally enacted. (Laws 1848, p. 559.) The only material change is in striking out the words, “in respect to any matter pertinent to the issue,” in the 349th, now 395th, ■ section.
The oral examination of parties as witnesses, is a novelty-introduced by the Code. Previously, discoveries in aid of actions at law, were obtainable only by bill in chancery. In abolishing the Court of Chancery, and all distinctions between law and equity, it became necessary to conform the practice, prevailing in courts of law and equity, to one system. Hence the authority to examine the adverse party was intended to be in lieu of the former bill of discovery.
*659 Eo question arises in this case, as to" the right of a party to take the examination of his adversary. The statute is explicit and the right absolute. '
The only question raised by the appellant is, whether the examination can be had before issue joined. The order appealed from, was made before any answer had been put in, and before the time to answer had expired. There is nothing in the letter of the statute designating when the examination may be had. The party may be examined at the trial; before the trial, conditionally or upon commission. In respect to conditional examinations and upon commission, they are regulated by other statutes, which are now made to include parties as well as witnesses. A conditional examination may be had immediately upon suit brought, (2 R. S. 409 ;) but a commission can issue only after issue joined. (Id.) The examination before the trial is not a “ conditional ” examination. The testimony taken may be read by either party on the trial, whether the party examined be present in court or otherwise. It is difficult to discover a reason for allowing a conditional examination of a party. The authority to examine before trial is so ample, that a conditional examination can never be required.
The object of the examination is, to obtain evidence in support of the plaintiff’s cause of action, or the defendant’s defense, and may be more important to a plaintiff before issue than afterwards. In the Court of Chancery a bill of discovery was entertained even before suit brought, and it was not necessary to aver that issue had been joined. (2 Barb. Ch. Pr. 106.) It was sufficient if it charged that the discovery was necessary to enable the complainant to bring his suit at law. In allowing the examination to be before trial, it must have been the design of the legislature to prevent a party from depriving his adversary of his testimony at the trial. It was not merely for the convenience of the party examining; but to procure evidence in support of the action or defense. One of these designs of the legislature' might always be defeated, if the examination was postponed until after issue joined.
*660 The cases to which we have been referred as holding that the issue must be joined, before the party can be examined, were decided prior to the amendment'of the 349th section. In all these cases, that section, as it stood before the amendment, is referred to as controlling the view that the whole examination must be upon matter pertinent to the issue. The reason for the amendment is not obvious. It was made as late as 1863, and several years after parties were allowed to be examined as witnesses in their own behalf. (Laws 1857, p. 744.) Since the enactment of the law last referred to, very little of the chapter in the Code, allowing adverse parties to be examined, is of any importance. A party may be examined as a witness, on his own behalf, or on behalf of any other party, in all cases, and either at the trial or conditionally, or upon commission. Hence the whole of the present 395th section might well be repealed.
As the statute now stands, there is not, in terms, any limit to the time when the examination may be taken; nor does there seem to be any reason for a limitation. A conditional examination of an adverse party can be had immediately on the service of the summons. The reason is, that otherwise, a party might be deprived of the testimony of an important witness. There are equally cogent reasons for allowing the examination of an adverse party before issue. And, besides, the evidence procured ón such examination may end the litigation, In the case before us, the necessity for an immediate examination is not disputed ; and the amendment of the 395th section, having removed the only ground upon which the decisions in the several cases to which we have been referred were placed, we are Hot bound to regard them as authority.
I think the order should be affirmed. The right to examine the adverse party arises, in my opinion, immediately on the commencement of the suit, and not merely after issue joined.
Order affirmed.