## BELL and others *vs.* RICHMOND.

A party cannot be examined as a witness, under section 391 of the Code, before issue joined; unless a case is made justifying an order for the taking of the testimony *de bene esse,*

The change made in 1863, in the 395th section of the Code does not affect this question.

APPEAL from an order made at a special term, allowing a party to this action to be examined as a witness before issue was joined.

*By the Court,* CARDOZO, J. The question presented for our consideration is whether a party can be examined as a witness under section 391 of the Code, before issue joined.

I think the issue should be joined before the examination
is had, unless a case is made, which is not pretended in this
instance, justifying an order for the taking the testimony *de
bene esse.* The only reported decision in which a different
view has been taken is *McVickar* v *Ketchum,* (1 *Abb. N. S.*
452,) in which the general term of the Superior Court, (Jus-
tices Monell and McCunn,) held that the examination might
be had at any time after the action was commenced. But
the question did not really properly arise there, for the plain-
tiff had been obliged by Justice Moncrief to put in a verified
complaint before he permitted the examination.

The theory that the change made in 1863, in the 395th
section of the Code, by striking out at the end of the first
sentence the words "in relation to matters pertinent to the
issue," controls or affects this question is fallacious. That
portion of the section stood, before the amendment, thus :
" A party examined by an adverse party, as, in this chapter
provided, may be examined on his own behalf, in relation to
matters pertinent to the issue." As amended, it reads : " A
party examined by an adverse party, as in this chapter pro-
vided, may be examined on his own behalf, subject to the
same rules of examination as other witnesses." The change
does not affect this question, for witnesses are always to be
examined on matters pertinent to the issue, and the words
" subject to the same rules of examination as other wit-
nesses," cover that and other matters. To have used both
phrases would have been somewhat tautological. The idea
expressed in the first was included in the latter. The omis-
sion, therefore, furnishes no ground for the argument that
the change was to alter the rule which had previously ob-
tained, and which in fact never was based upon that section
at all. Indeed, that section does not, and never did, bear
upon the time when the examination should be had, but
only enabled a party who had been examined by his adver-
sary to become a witness for himself. At that time the law
did not permit a party to be a witness for himself, but

The People v. Stocking.

allowed his adversary to call him if he pleased, and the sole purpose of the 395th section was to authorize a person called by the opposite party to be a witness on his own behalf.

I think there is nothing in section 391 which prevents our requiring that some issue shall exist to try before the examination, which is to be had in lieu of an examination at the trial shall be allowed. And as no practice has been authoritatively established upon the subject, and as much injustice might be done by permitting a general, unrestricted, roving examination of a party, as it must be if allowed before the issue is framed, and as there is no necessity for any such rule being adopted, I think we may properly hold the true construction of the section to be the one I have given to it.

The order appealed from should be reversed.

[NEW YORK GENERAL TERM, April 6, 1868. *Geo. G. Barnard, Ingraham* and *Cardozo*, Justices.]