## N. Y. SUPERIOR COURT.

### DUFFY agt. LYNCH.

This court will allow the examination of a party as a witness at the instance of the adverse party, *before issue joined, and before a complaint is served.*

Where such examination is sought by the plaintiff before he serves his complaint, he must set forth in his affidavit with particularity, the facts and circumstances out of which he supposes a cause of action to have arisen, the relief which he suppposes he is entitled to, the defenses which he anticipates will be interposed, and the subjects in relation to which he desires to interrogate the defendant.

*Special Term, March,* 1869.

JACOB F. MILLER, *for plaintiff.*
T. DARLINGTON, *for defendant.*

JONES, J. This court is exceedingly liberal in its construction of that section of the Code which permits parties to a cause to be examined before trial as witnesses at the instance of the adverse parties.

Thus we allow such examination to be had before issue joined, and even before complaint served, a practice which, so far as I am aware, prevails in no other court.

But while the court is thus liberal, it also takes care that its liberality shall not be abused by turning the examination into a mere fishing excursion.

To this end, when a plaintiff seeks to examine a defendant before he serves his complaint, he is required to set forth in affidavit, with as much particularity and certainty as his own knowledge or his information from others will permit, the facts and circumstances out of which he supposes a cause of action to have arisen in his favor, the relief which he supposes he is entitled to, the defenses which he anticipates will be interposed, and the subjects in relation to which he desires to interrogate the defendant.

An affidavit thus framed enables the court to restrict the examination within reasonable limits, and to rule intelligently upon objections taken to questions propounded.

The object of allowing the examination to be had is not to enable a plaintiff to ascertain whether he has a cause of action; but to enable him to obtain testimony in support of a cause of action which he has good reason to believe he has, especially evidence of those facts of which he has some reasonable grounds for believing the defendant has a peculiar knowledge which he keeps concealed within his own breast.

One who has brought an action must surely know, either of his own knowledge or from information, the facts and circumstances out of which he deems that cause of action to have arisen. He must also know the relief he desires to obtain. If the proper relief is doubtful he may put it in his affidavit in an alternative form. He must also ordinarily be aware of the grounds on which the defendant resists his claim, and also of the subjects on which he desires to obtain proof out of his adversary's own mouth.

If he is unaware of the grounds on which the defendant resists his claim, he may state that fact in his affidavit and allege that he desires to interrogate the defendant as to what defense he has against the claim. On such an affidavit the question could properly be raised and determined whether he could be allowed to enter on such a line of examination.

There is no hardship in requiring such an affidavit to be made.

The present affidavit is defective in not complying with the rules above laid down.

Order discharged without costs and without prejudice to plaintiff taking out another one founded on a proper affidavit.