Ingraham, P. J.
In the case of Foley v. Mayor, &c., Justice Bakxaed decided that the plaintiff had a standing in court, and could maintain the action, as a tax-payer, in behalf of himself and others who should come in as plaintiffs, but did not decide the' question as to the constitutionality of section 3 of the act of 1864, chapter 405.
I concur with him that such question should not be adjudicated on a motion similar to the present, nor should it ever be done on ordinary motions affecting questions of practice, unless it has been passed upon by a court in a more formal manner, or the invalidity of the act is beyond doubt.
The decisiou made by Judge Sutheblaito in the case of Pullman is at variance with the decision of other judges on similar questions, and there should be a decision of the general term before any controlling authority on that subject can be insisted on.. I shall, therefore, on that point, follow the ruling in the case of Foley as more directly in point than any other in this district, and will not pass upon the constitutional question on this motion. Later decisions of the court of appeals have left this question to be a doubtful one ; but, is it proper on a motion arising on questions of practice to inquire whether the plaintiff can or cannot make out a good cause of action, before the complaint is -served, or before it is known upon what grounds the action is based % The attempt on the part of the defendant to show that the plaintiff must fail in his action because he is unable to prove the negligence of the defendants, or any of them, to prosecute for the alleged frauds, may be a good défense on demurrer or on the trial; but whether it be so or not cannot be tried on affidavit. The only question to be inquired into on this motion is a mere question of practice, depending on the construction of sections 388 and 391 of the Code, and on rule 21 of the court. Sections 388 and 391 re *306 late to entirely different subjects and cannot be united together for the purpose of aiding proceedings under either.
Section 388 is intended to provide for the discovery of books or papers in the possession of the opposite party, and section 391 is intended to prescribe the mode of examining a party. The latter is the only section ap plicable to this proceeding. The general term of this district held in Bell v. Richmond (4 Abb. Pr. N. S., 44; S. C., 50 Barb., 571), that such examination could only be had after issue joined, and that decision would control this application, unless the provisions of rule-21 should be considered as altering the practice in this respect. This rule prescribes what the affidavit on which the examination is applied for should contain. In case a discovery is sought to prove his complaint or answer, it must disclose the nature of the discovery, and how it is material therefor ; and in like manner if the object is to prove the case after issue.
It is apparent from the provisions of this rule that the judges, in "framing it, contemplated both cases as properly included in section -391, viz: the right of an examination to frame a pleading or prove the case. The right to examine a party for either purpose, must, therefore, be conceded to be intended in framing this rule, and I am bound by its provisions, as it was made long after the decision in 50 Barb, was promulgated.
The only remaining question, is whether the judges in convention had the power to make such a rule which would be in conflict with the previous decisions of the courts.
The authority for this convention is contained in the act relating to the supreme court (Laws of 1870, p. 947, ch. 408), which provides for the meeting of the judges, and adds: “Such convention shall revise, alter, abolish and make rules, which shall be binding upon all courts of record, so far as they may be ap *307 plicable to the practice thereof.” There can be but little doubt that this provision is sufficient to give full power .to make such a rule, and to extend the provisions of section 391 to such a case as the present, even if it had previously been limited by the courts to an examination after issue joined. After the Code had provided for the examination of parties before trial, it became a matter of practice to regulate the time and mode of examination. The rule under consideration was intended for that purpose, and is binding on the courts.
This application to examine the defendant must, therefore, be granted.
as the questions are new, and some of them are proper for the consideration of the general term, and as the next general term will be held in a short time, if the defendant wishes to appeal from this order, a stay of proceedings may be had, provided he appeals in season to have the case noticed for the next term.
The examination of the defendant is ordered, and the motion to vacate the order, therefore, is denied.