Loew, J.
It was held by the general term of the superior court, in the case of McVickar v. Greenleaf (1 Abb. Pr. N. S., 452; S. C., 4 Robt, 657), that a party to an action could be examined at the instance of the adverse party, under section 391 of the Code, immediately on the commencement of the action, and before issue joined.
That decision was subsequently followed at the special term of that court in two. other reported cases (Fullerton v. Gaylord, 7 Robt, 559; Duffy v. Lynch, 36 How. Pr., 509).
A different view was, however, taken in Bell v. Richmond (7 Abb. Pr. N. S. 452; S. C., 50 Barb., 571), where it was held by the general term of the supreme court, in this district, that such examination could not be had until after issue joined.
So far as I am aware, this court has never passed on the question, but I have conferred with my colleagues and they all, with a single exception, agree with me that if the case be a proper one, the examination contemplated by the section referred to may be had as well before as after the joining of issue. And I really do not see why such should not be the case.
The examination allowed by the Code, and which is to be had on a summary application to the court, is a substitute for the bill of discovery under the former practice {Code, § 389), and the settled rules in relation to those bills may, I think, with propriety, be regarded as controlling with respect to the examination under the Code, when they do not conflict with the letter or reason of that act.'
Now a bill of discovery could be maintained in the court of chancery not only before issue was joined, but even before the suit was commenced (2 Barb. Ch. Pr., 105, 106).
There does not, therefore, appear to be any good reason why the examination authorized by the Code *246 should not be permitted till after issue joined, when the language used in section 391 is, that it “maybe had at any time before the trial;” and when, if the legislature had intended to restrict it to cases in which issue has been joined, they could and, doubtless, would have so declared, in express terms.
A similar view appears to have been taken by the judges of the several courts of record in convention assembled, for they, in December, 1870, with the conflicting-decisions of the supreme and superior courts before them, adopted a new rule (rule 31), which recognizes the right to have such examination, for the purpose of framing a complaint or answer, and prescribes the requisites of the affidavit upon which the application for the order shall be made.
In adopting this rule, the convention, doubtless, had a two-fold object in view : 1. To confine the examination to those cases in which it shall appear to the court that the party is entitled to the discovery he seeks, or in other words, that the same is requisite or material, and should be had in order to enable him to frame his complaint or answer, or establish his case or defense on the trial; and, 3. To aid the court in restricting the examination within proper limits, in such cases.
As the affidavits upon which the order was based, which is now sought to be vacated, disclosed a case in which, in my opinion, it is material that the defendants should be allowed to examine the plaintiff before they are required to answer the complaint, the motion must be denied, with costs.
Order accordingly.