# SUPREME COURT.

## BYRON MUDGE agt. WILLIAM GILBERT.

On an examination of a party as a witness under sections 390 and 391 of the Code, before a county judge, the judge has the power to compel the party to answer any and all questions which the judge shall determine relate to the issues raised by the pleadings in the action.

Where the defendant is examined he may be compelled to answer questions relating to the defense interposed by him, and not pertinent to the affirmative claim made in the plaintiff's complaint, as well as to such facts as are essential to enable the plaintiff to make out his case as alleged in the complaint.

*Onondaga Special Term, Syracuse, May,* 1872.

THE plaintiff obtained a summons for the examination of the defendant before the county judge of Onondaga county, pursuant to sections 390 and 391 of the Code, and while pursuing such examination, certain questions were asked on behalf of the plaintiff relating to the defense interposed by the defendant, and not pertinent to the affirmative claim made in the plaintiff's complaint against the defendant.

The defendant objected, claiming that the plaintiff could only ask for such facts as were essential to enable him to make out his case as charged in the complaint, and that he had no right to ask any question which related solely to the defense of the defendant.

By consent of counsel the question was submitted to the court for decision.

ARTHUR HOLMES, *for plaintiff.*
IRVING G. VANN, *for defendant.*

HARDIN, *J.*—Prior to the adoption of the Code in 1848, bills of discovery were allowed to obtain evidence in aid of

actions at law *(Lansing* agt. *Starr,* 2 *Johns. Ch.,* 150; *Deas* agt. *Harvey,* 2 *Barb. Ch.,* 448; *Lane* agt. *Stebbins,* 9 *Paige,* 622).

This practice was abolished and prohibited by section 389 of the Code; and by section 388 the method provided for searching documentary evidence was provided.

Section 390 provides that, "a party to an action may be examined as a witness * * * and subject to the same rules of examination as any other witness to testify either at the trial, or conditionally, or upon commission;" and by section 392, it is provided that the examination "may be read by either party on the trial."

I think the important question before the court, if the party is examined in court, or before the judge, if examined out of court, is as to the materiality of the proposed evidence. If the proposed evidence relates to any of the issues raised by the pleadings, then, I am of the opinion, that it is the duty of the court to receive the evidence, (subject to its discretion as to the order), and if the examination is before a judge, then it is his duty only to determine whether the proposed evidence relates to any of the material issues involved in the action.

By reference to *Bell* agt. *Richmond,* (50 *Barb.,* 571), it will be observed that it has been held by the general term in the third district, that a party cannot be examined under these sections, before issue is joined; and in the opinion given in that case, it was remarked "that witnesses are always to be examined on matters pertinent to the issue."

This last case is in accordance with *Cook* agt. *Bidwell,* (29 *How.,* 483), in which the court say that, "the examination cannot be had except in an action after issue, and as to matters pertinent to the issue" *(Same Case,* 17 *Abb.,* 300).

That the party is to appear and testify, and be subjected to the same rules of examination as any other witness has been adjudged so often, that it is not now an open question. As early as *Bonesteel* agt. *Lynde,* (8 *How.,* 226, 233), Judge

WELLS, said of section 390, that it, " in terms, declares that he may be compelled to testify the same as any' other witness."

" To testify is to give evidence, and the reasonable and just interpretation of the word requires that he give evidence in the same manner as other witnesses are bound to do." This opinion was affirmed at general term in 8 *How.*, 352. And in giving effect to a party's testimony, the same rules apply as to any other witness (See opinion of BARCULO, *J.*, in *Roberts* agt. *Gee*, 15 *Barb.*, 450).

The question presented relates to the power of the county judge to compel the defendant to answer questions which relate confessedly to the issues involved, and I have no doubt but the power is vested, and that it will be properly exercised in this case, and that it is the duty of the defendant to answer any and all questions which the county judge shall determine relate to the issues raised by the pleadings in this action (16 *Abb.*, 188 ; 32 *N. Y.*, 127).

I see no errors in the rulings of the county judge, and the witness will, therefore, be recalled, and the examination may continue.