By the Court.—Monell, J.
Upon the return of the summons, issued by a judge of this court, requiring the plaintiff'to appear and be examined before trial at the instance of the defendant, under section 391 of the Code, it was shown, by affidavit, that although the action had been commenced by the service of a summons, *121 no complaint had been served upon the defendant; and it is understood that the decision at the special term was put upon the ground, that until the complaint was served upon the defendant there was nothing upon which the plaintiff could be examined.
But the defendant, upon his appeal from the order made at special term setting aside the summons for the plaintiff’s examination, insists that he has an absolute right, at any time after the action is commenced, to take the plaintiff’s examination, and that the court has no discretionary power over the matter.
Whatever may have been the views of this and of other courts, as to the right of examination at any time before the trial, even before issue joined or complaint served (see McVickar v. Greenleaf, 1 Abb. Pr. N. S., 452; S. C., 4 Robt., 667), these views must, I think, now yield to the modifications in the law which have been made since that and other similar decisions were rendered.
The convention of judges, convened pursuant to the Laws of 1870 (vol. 1, ch. 408, p. 951, § 13), had power to revise, alter, abolish and malee rules, which, it was declared, should be binding upon all courts of record, so far as they might be applicable to the practice thereof.
It will be seen that the restrictive words in a similar provision in the Code {Code of 1849, § 470), “ not inconsistent with this act,” are left out of the act of 1870.
But I do not think it was intended to remove such restriction, or to authorize the making of any rule which might conflict with the provisions of the Code, or abridge or impair any right or remedy given by it.
The power, however, did' extend to the adoption of all necessary and proper rules, to regulate the practice in actions and proceedings in all courts of record.
In accordance with that power the present rule 21 of court was adopted, and it requires that the applica *122 tion for the examination shall be upon affidavit, disclosing the nature of the discovery sought, which discovery, it must be averred, is required to enable the party to frame his complaint or answer, or to prove his case or defense, &c.
The rule, it will be seen, provides—First. For the examination of the defendant to enable the plaintiff to frame his complaint. Second. Of the plaintiff to enable the defendant to frame his answer; and, Third: Of either party after issue.
The rule foEows in effect the construction by this court of section 391 of the Code, in McVickar v. Greenleaf (supra), so far as it permits the examination before issue, but by necessary intendment Emits the right to the purposes specified.
The Emit thus put upon the examination, namely, for a plaintiff to frame his complaint, or for a defendant to prepare his answer, is in accordance with the true intent of the statute, and does not, in my judgment, conflict with any of its provisions.
Whatever may be the right, therefore, to have the examination at any time, the application must conform to the rule, and it must be made to appear that the examination is required for one of the puiposes specified.
If it does not, or if the court cannot see that the examination is material in aid of the prosecution or defense, the appEcation should be denied.
In this case it was attempted by the defendant to examine the plaintiff. It could not be said to be necessary to enable the defendant to prepare his answer, for' untE the complaint was served he could not know what the aEeged cause of action was or could be, nor what he would have to answer; nor could it be seen that it was material in aid of a defense until an issue had been framed.
It was therefore a question properly addressed to *123 the power of the court, and as the defendant has not brought himself within any of the specified cases, authorizing the examination, the decision of the court, at the special term, setting aside the summons, was correct.
I have not found it necessary to examine the other question, namely, as to the right to require the plaintiff to testify against himself in an action of the nature it is said this is. That is a question, which, as it seems to me, does not now properly arise.
The order should be affirmed, with costs.
Freedman, J., concurred.
Curtis, J.
The defendant’s affidavit, states that this action is brought for damages for alleged false and malicious publications of and concerning the plaintiff. It further appears that the defendant is in the custody of the sheriff of the city and county of New York, under an order of arrest granted in the action. It appears by an affidavit of the plaintiff’s counsel that no complaint has been served in the suit. The defendant obtained an order to examine the plaintiff, under section 391 of the Code. An order was granted on the plaintiff’s application, to show cause why this order to examine should not be vacated. On the hearing, the order to examine was vacated.
From this order the defendant appeals.
The right to examine a party to an action at the instance of the adverse party, at any time after the commencement of the action, 'is clearly conferred by the Code. That this is an absolute right, and not subject to the discretion of the court, is held in various decisions in this court (McVicker v. Greenleaf, 4 Robt., 657; Fullerton v. Gaylord, 7 Robt., 559; Duffy v. Lynch, 36 How. Pr., 509).
It was urged on the argument that the force of this *124 provision was somewhat modified and affected by the Laws of 1870, ch. 4b8, § 13, and the adoption of rule 31 of the supreme court by the convention of judges, which met pursuant to the requirements of that law. Section 13 of the Laws of 1870, is as follows:
“All rules of the supreme court now in force, not inconsistent with the constitution or any statute of the State, shall remain in force until abolished or altered by the general term justices, the chief judges of the superior court of cities, the chief judge of the court of common pleas of the city of Hew York, and of the city court of Brooklyn, in convention assembled at the capítol in the city of Albany. A convention of such justices and chief judges shall beheld at the place aforesaid on the first Monday in August, 1870, and every two years thereafter; and such convention shall revise, alter, abolish-and make rules which shaft be binding upon aft courts of record, so far as they may be applicable to the practices thereof.” '
Rule 31 of the supreme court is as follows:
“ The application for an examination under section 391 of the Code, shall be upon an affidavit disclosing the nature of the discovery sought, to enable the party to frame his complaint or answer, or to pfove his case or defense upon the trial, and how the same is material in aid of the prosecution or defense.”
I am unable to see that the legislature attempted to confer any power upon the convention of judges to alter or nullify in any degree, the law, or that this rule 31, adopted by the convention, adds to or restricts, in any way, the operation or effect of sections 390 and 391 of the Code.
Even if any modification of these sections had been attempted, by inserting provisions to that effect in a rule, it would have been inoperative, as the constitution of the State does not authorize the legislature to dele *125 gate any law-making power to a convention of the judges (Barto v. Himrod, 3 N. Y., 491).
The Code, hy directing that the party shall “be examined as a witness,” and subject to the same rules of examination as any other witness,” limits the examination to what is material and relevant to the prosecution or defense. To carry out and give effect to these provisions of the law, this court has indicated, at special term, that the affidavit upon which the application for examination is made shall disclose what is requisite in respect to the action, to enable the court to properly apply and enforce the directions of the Code (Duffy v. Lynch, 36 How. Pr., 509; Greene v. Herdon, 7 Robt., 463).
The supreme court rule Ho. 21 is substantially in accordance with this view. It is framed for the purpose of enabling the court to have the information before it that will enable it to enforce the provisions of sections 390 and 391 of the Code, and also to restrict the examination of the party to that which is relevant and material, and which mode of examination .is alone authorized under these sections.
When the motion for the examination is made by the defendant, the affidavit, in order to show the nature of the discovery sought, should set out the complaint or its material allegations, and the nature of the defense, and where no complaint, as in the present action, has been served, but an affidavit stating the cause of action has been made, and served with the order of arrest on the defendant, pursuant to sections 181 and 184 of the Code, then the defendant, in his moving affidavit, should set it out, or its material allegations, together with the nature of the defense. It is only where this information is thus presented that the court is able to limit the examination to that which is relevant and proper, and thus give effect to the provision of the Code that the examination of the party shall be *126 governed by the same rules as' that of any other witness.
The affidavits on this motion show that the action is brought for damages for alleged false''and malicious publications of and concerning the plaintiff, and that the nature of the discovery sought by the examination of the plaintiff is. to obtain information in regard to a great variety of alleged transactions and occurrences.
It does not appear that these matters, in respect to which this examination of the defendant is sought, have any relation, direct or indirect, with the alleged publications for which the action is brought.
It nowhere appears in the motion papers what those publications were, or what subjects even they touched upon. The most careful examination furnishes no information.
The defendant does not set out the matters complained of- by the plaintiff, either as contained in the plaintiff’s affidavit, made to procure the order of arrest, or otherwise. The court is left without the means of knowing whether the examination sought is an inquiry into the past life and acts of the plaintiff, or in respect to matters pertinent to the action. It has no means of causing the examination to be conducted pursuant to the requirements of the Code, and restricting it to such matters as are relevant, material and proper.
In this view of it, and upon the present papers, the order appealed from should be affirmed, with costs, but without prejudice to the defendant’s taking out another one, founded upon a proper affidavit.