By the Court.—Freedman, J.
The affidavit upon .which the order for the examination of the defendants was made, fully established the good faith of the application and the materiality of the examination sought. No counter affidavit was presented. If, therefore, the learned judge below had the power to make such an order as was made, he was justified in holding that the plaintiff had complied with all the requirements of the -code, and the rules and practice of the court.
It is insisted, however, that the court never had, or that, if it had, the court since the amendment of the 21st rule by the convention of judges in 1874, no longer possesses the power to order an examination of a party under section 391 of the Code before issue joined.
In Winston v. English (44 How. 398) which was an application to vacate an order made by myself for the examination of the plaintiff after service of complaint to enable defendant to prepare his answer (a prior order to the same effect made by Chief Justice Barbour, *94 before service of complaint, having been previously vacated by him), I fully examined the coarse of legislation and the practice of the courts concerning applications for discovery and the examination of adverse parties. I there pointed out that prior to 1870, no rule-existed concerning applications for the examination of parties before trial under section 391 of the Code, and that in the absence of such a rule the practice of several of the courts differed. While the supreme court had held that under that section a party can not be examined before issue joined (Bell Richmond, 50 Barb. 571) the superior court had maintained that, in case of necessity, the examination may be had immediately after the service of the summons (McVicker v. Greenleaf, 4 Rob. 657). I also showed that this conflict of judicial opinion continued to éxist until the passage of the 21st rule adopted by the convention of judges, which met pursuant to the requirements of chapter 408 of the Laws of 1870.
That rule was as follows : “ The application for an examination under § 391 of the Code, shall be upon an affidavit disclosing the nature of the discovery sought to enable the party to frame his complaint or answer, or to prove his case or defense upon the trial, and how the-same is material in aid of the prosecution or defense.”
In discussing the effect of this rule in Winston v. English (35 N. Y. Sup'rt Ct. R. 512, on appeal from the order hereinbefore referred to as having been made by Chief Justice Barbour), Moeell, J., delivering the opinion of the court, says:
“The rule, it will be seen, provides, first, for the examination of the defendant to enable the plaintiff to frame his complaint; second, of the plaintiff’to enable the defendant to frame his answer; and third, of either party after issue.
“The rule follows in effect the construction by this court of the 391st section of the Code, in McVickar v* *95 Greenleaf, so far as it permitted the examination before issue; but by necessary intendment limits the right to the purposes specified.
“The limit thus put upon the examination, namely,, for a plaintiff to frame his complaint, or for a defendant to prepare his answer, is in accordance with the true intent of the statute, and does not in my judgment conflict with any of its provisions.”
The convention of judges which met in the fall of the year 1874, amended the rule so as to read as follows : ‘ ‘ The appli cation for an examination under § 391 of the Code, shall be upon an affidavit disclosing the nature of the discovery sought to enable the party to prove his case, or defense, on the trial, and how the same is material in aid of the prosecution or defense.”
In consequence of this amendment, it is claimed by the appellant, the authority at all events no longer exists to compel an examination before issue joined. But the answer to this proposition is, first, that the language of the rule as amended does not necessarily call for such a construction; and secondly, that, even if it did, the rule itself would be inoperative, in case the authority exists independently of the rule. In case of such independent existence, the constitution would not sanction a delegation of power to a convention of judges to change the statutory law of the state.
Unfortunately for the appellant, this court has steadily maintained by an unbroken series of decisions, that the authority is conferred by the Code, and that the true intent and meaning of section 391 is, that, in case of necessity, the examination may be had immediately after the service of the summons. McVickar v. Greenleaf (4 Rob. 657) was decided by the general term in the year 1865; and in delivering the unanimous opinion of the court on that occasion, Mr. Justice Monei/l said : “ As the statute now stands, there is not, in terms, any limit to the time when the examination *96 may be taken, nor does there seem to be any reason for a limitation. . . . The right to examine the adverse party arises, in my opinion, immediately on the commencement of the suit, and not merely after issue joined.”
This is conclusive of the question involved in the present appeal, and I am, therefore, not at liberty to treat it as an open one in this court.
The order should be affirmed, with costs.
Speir, J., concurred.