By the Court. — Feeedman, J. —
Prior to the recent revision of the statutes, this court had steadily adhered to the view that the right of a party to an action to examine the adverse party did not, under the code as it then stood, arise after issue joined, but that it existed from the time of the commencement of the action (McVickar v. Greenleaf, 4 Robt. 657 ; Fullerton v. Gaylord, 7 Id. 551; Duffy v. Lynch, 36 How. Pr. 509); and that this right could not be abrogated by rule (Glenney v. Stedwell and World Mut. Life Ins. Co., 40 N. Y. Super. Ct. [8 J. & S.] 92; 1 Abb. N. C. 327).
Other tribunals differed more or less with this court upon this question, but the court of appeals, on affirming the case last mentioned (64 N. Y. 120), settled the law in conformity with the views of this court.
At the same time, this court considered it but just, and even necessary for the protection of the party to be examined, that the papers supporting the application should fully establish, by facts and circumstances, the good faith of the application, and the materiality of the examination sought; and if they were deficient in that respect, the application was denied, or the order, if inadvertently granted, vacated pursuant to order to show cause. Thus, in Winston v. English, 35 N. Y. Super. Ct. (3 J. & S.) 512, an order made for the examination of the plaintiff before service of the complaint was set aside, because the examination could not, at that stage of the proceedings, be said to be nec *161 essary. It could not be said to be necessary to enable the defendant to prepare his answer, for until .the complaint was served, he could not know what the alleged cause of action was, or would be, nor what he would have to answer, nor could it be seen that it was material in aid of a defense, until an issue had been framed.
After the complaint had been served, the defendant obtained a new order, but that was again vacated, on the ground that the defendant had not sufficiently shown the necessity of the examination, nor sufficiently satisfied-the court of the good faith of his application.
The rule was stated as follows : “ Whenever, therefore, a party applies, under section 391, after issue joined, for the examination of the adverse party as to matters within the issues, the application is usually granted as a matter of course, and of absolute right. In such case slight evidence is sufficient to satisfy the court as to the materiality of the discovery sought.
“ But when the examination is sought at an earlier stage, where the danger of abuse is imminent, and the difficulty of restricting the examination within reasonable limits great, the court is bound to ascertain by evidence, not only that the examination is material, and how it is material, but also that it is made in good faith, and for a necessary and proper purpose.
“If all this is shown affirmatively, the examination is a matter of right, but otherwise not” (Winston v. English, 44 How. Pr. 398).
These views also found support in the court of appeals, for in delivering the unanimous opinion of that court in Glenney v. Stedwell (64 N. Y. 120), Mr. Justice Folgeb, after stating that the examination before trial is a substitute for the bill of discovery, says : “ It is for the judges now, by rules of practice and by rulings at the examination, to keep the plaintiff (meaning party) within proper bounds, and to *162 ward off from the defendant (meaning adverse party) all inquiry that is vain or curious.”
In enacting the Code of Civil Procedure, the legislature attempted to provide by express provisions for the exercise of the right of examination. By section 870 the right is given at any time before trial, as prescribed in the article of which that section forms a part.
Section 872 prescribes the requisities of the affidavit to be presented by the party applying for the examination.
Section 878 provides that the judge to whom such an affidavit is presented, must grant an order for the examination at a time and place to be therein specified.
Section 876 provides that upon proof, by affidavit, that service of a copy of the order and of the affidavi t has been duly made, as directed in the order, the judge or the referee mast proceed to take the deposition of witness at the time and place specified in the order. He may, from time to time, adjourn the examination to another day, and to another place, within the same county.
By section 880 the judge or referee taking a deposition is required to insert therein every answer or declaration of the person examined, which either party requires to be inserted.
Under section 881 the deposition, or a certified copy thereof, may be read in evidence by either party, at the trial of, or upon the assessment of damages, by writ of inquiry, or upon a reference, or otherwise, in the action specified in the original affidavit, or any other action, thereafter brought, between the same parties, or between any parties claiming under them, or either of them, &c., &c.
Other provisions not necessary to be mentioned here regulate the service and the enforcement of the order, the manner in which the deposition is to be taken, completed, certified and filed, and its use and effect.
*163 Upon the provisions specially referred to, it has been contended that upon the mere presentation of an affidavit complying in form with the requirements of section 872, the right to the examination is absolute, if an action is pending ; that in such case the judge to whom the affidavit is presented must grant the order; and that the order, when once made, cannot be vacated again for cause assigned by the party to be examined.
If this were so, the order for the examination would amount to a general, irrevocable, statutory search warrant, which can be demanded as matter of right.
I cannot subscribe to such a construction. True, section 873 makes it obligatory on the judge to grant the order upon the presenation of an affidavit complying in form with the requirements of section 872, and to this extent the new code makes an important innovation. But when the order has been made, and the party to be examined comes into court, then the proceeding must necessarily be subjected to judicial control. If it were otherwise, if neither the judge nor the court have power to vacate for cause shown, — if it were just as obligatory to take and complete the examination as it is to grant the order in the first instance, then a party may take out as many successive orders against his adversary as he choses, and have each time the same examination taken, certified, and filed, to the great oppression of his adversary; or a plaintiff in an action in which there are fifty defendants, may be examined as to the same matters by each of the fifty defendants.
For the same reason it would follow that the examination can be compelled in an action for divorce on the ground of adultery, for the purpose of extorting a confession, and that, in all actions in which the defendant has so far been privileged from answering, his conscience may now be scraped until he does criminate himself; for the section which prescribes the requisites *164 of the affidavit makes no distinction in terms as to the class of actions to which the right of examination is to be confined, nor does the article containing the provisions under examination provide at what stage of the proceedings or in what manner a witness may assert the privilege accorded to him by other statutes. On the contrary, section 880, as already stated, provides that the judge taking the deposition must insert therein every answer or declaration of the person examined, which either party requires to be inserted.
It cannot be assumed, therefore, that the revisers intended to work the deplorable results which would flow from this helpless condition of the tribunals charged with the administration of justice. There is nothing in their notes showing any such intent. Their intention seems to have been to consolidate the provisions of law relating to the examination of a party by an adverse party; the taking of depositions conditionally ; the perpetuation of testimony, and the taking of depositions by consent; and in carrying out this intention, their principal aim seems to have been to provide one mode of taking depositions in all these cases and to remove unnecessary differences.
True, the power to vacate is not to be found among the provisions relating to these depositions. But the same objection might have been made to the provisions of the old code by which the right of examination was conferred, and yet the power existed and its existence was never questioned.
Sections 877 and 878 of the Code of Remedial Justice, which preceded the New York Code of Civil Procedure for a short period, did provide for an application by any party to vacate the order, but on certain specified grounds only. In the discussions, however, to which said code gave rise, these grounds were deemed too narrow to allow an equitable discretion to be exercised, and hence, by the amendments of 1877, *165 these restraints- on the power of the court to vacate were abolished by the repeal of the said two sections.
The truth is that sections 870 to 886 of the Code of Civil Procedure constitute but a small part of a system of practice furnished by
1. The Code of Civil Procedure.
2. The unrepealed portions of the old code.
3. Statutes not embraced in either ; and,
4. The rules and practice of the courts preserved by section 469 of the old code, so far as they are not inconsistent with later legislative enactments.
This system of practice must be considered and treated as one intended to be consistent throughout, and hence, if any section or part be intricate, obscure or doubtful, the proper mode of discovering its true meaning is by comparing it with the other sections or parts in the light of the general legislative intent disclosed by the whole system with respect to the intricate, obscure or doubtful point. “ Where there is clear and unambiguous evidence,” says Mr. Justice Coleridge, “ that to withdraw a case from the operation of a section, is to fulfill the general intent of a statute, and also, that to adhere to the literal interpretation is to decide inconsistently with other and overruling provisions of the same statute, the court may properly act upon it, for the object of all rules of construction is to ascertain the meaning of the language used, and it would be unreasonable to impute to the legislature inconsistent intents upon the same general subject matter. What it has clearly said in one part, must be the best evidence of what it has intended to say in the other. The court must apply in such a case the same rules which it would use in construing the limitation of a deed ; it must look to the whole context and endeavor to give effect to all the provisions — enlarging or restraining, if need be, for that purpose, the literal interpretation of any particular part.”
*166 So it was held, that when the meaning of any particular section or clause in the constitution is questioned, it is proper to look into other parts of the constitution; otherwise the different sections might be so construed as to be repugnant to each other, and the intention of the makers might be defeated; arid if, upon the examination of the general meaning and objects of the constitution, it should be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to the spirit of the act (6 Cranch, 307).
When, therefore, every part of this vast system of practice is brought into action, in order to collect from the whole the consistent sense of the particular sections now under examination, it will appear not only that the power which inheres in every court of record, unless restrained by positive enactment, to vacate on motion its process, order or judgment, to prevent a perversion thereof, or to frustrate oppression (Morgan v. Holladay, 38 N. Y. Superior Ct. R. [6 J. & S.] 117), has not been impaired by the Code of Civil Procedure ; but also, that section 772, which forms part of a title treating of motions and orders generally, and making general provisions for the same, confers the power to vacate an order in express terms. Under that section, an order in an action made without notice, which grants a provisional remedy, can be vacated only in the mode specially prescribed by law, and in any other case it may be vacated or modified, without notice, by the judge who made it, or, upon notice, by him or by the court. The examination of a party before trial, not being a provisional remedy within the meaning of that term as used in said section, the words “in any other case,” which are used without any qualification whatever, clearly embrace an order made for such examination. Sections 873 and 876 must, therefore, be con *167 strued in connection with, the general grant of power conferred by section 772 in confirmation of the power inherently possessed by the court, and in the light of the former practice of the courts ; and when thus construed, all doubts as to the existence of the power to vacate must vanish. The examination must proceed, if no motion be made to vacate the order, or the motion to vacate be denied. But the direction to proceed is not inconsistent with the exercise, for cause shown, of the power to vacate. This fully coincides with the general policy of the legislature upon the subject of these examinations, for while, as shown in Winston v. English, 44 How. Pr. 398, the legislature, representing the progressive power of the State, from time to time extended the right of discovery to new classes of cases and provided new remedies for securing it, it constantly looked to the courts as the representative power of the conservative element, for the prevention of the abuse of the letter of the law in individual cases.
The question then remains as to when and in what cases, and under what circumstances, the power to vacate is to be exercised. Section 872 applies to all depositions which may be taken under the title, of which it forms a part, whether of parties or witnesses, and it prescribes, generally, the requisites of the affidavit to be presented by the party desiring to take a deposition. In addition, the effect of rule 89 of the general rules of practice, enacted pursuant to the authority conferred by section 17 of the Code of Civil Procedure, is that the affidavit must in all cases specify the facts and. circumstances which show the materiality and necessity of the examination.
If, therefore, the affidavit on which an order has been obtained, is shown to be deficient in any necessary particular, the order may be vacated. The same result may take place if the allegations of the affidavit, *168 though sufficient by themselves, are successfully met by opposing proof. No precise rule can be laid down for all cases likely to arise. Each application to vacate must be determined upon the facts as they are made to appear. But so far as rules can be stated, the rules laid down in the cases of Winston v. English, above referred to, may still be followed with safety.
The case at bar affords a striking illustration of the necessity of the exercise of the power. The plaintiffs, before the defendant’s time to answer or appear had expired, obtained, upon their complaint and an affidavit, an order for the examination of two of the defendants. The complaint alleged a good cause of action with sufficient certainty, and the affidavit accompanying it, though alleging various facts which perhaps would have justified the order in case the defendants had interposed a general denial, did not claim that the plaintiffs desired to amend their pleading, and that the examination sought was material and necessary to enable them to do so, but simply claimed that it was material and necessary for the plaintiffs in the prosecution of the action. But it is difficult to perceive how, at that stage of the case, it could be in fact material and necessary for the purpose alleged. N o issue had been joined, and as long as it could not be seen what the issue would be, it could not be determined what the prosecution of the action required. Nor did the plaintiffs disclose any reasons showing a special requirement. The defendants summoned showed, on the other hand, by affidavit, that some time prior to the commencement of this action, the defendants had brought an action in the supreme court against the present plaintiffs; that in that action the present plaintiffs had set up, by answer, the cause of action now sued upon, and had procured an order for the examination of the defendants, and had actually examined one of them, at considerable length, on pre *169 sumably the same issues as will arise in the present case, and that said examination had been finished and closed. This proof rendered it all the more necessary that the plaintiffs should show, affirmatively, some clear and valid reason for proceeding with the examination in this action, but they failed to give any. The claim to which they finally resorted, that if the defendants should fail to answer, the examination of some of them would be necessary to enable, the plaintiffs to obtain judgment on application to the court, is of too speculative a character.
The order appealed from should be reversed with costs, and defendant’s motion to vacate the order for examination granted.
Speir, J., concurred.