ADAM EMMERICH, Respondent, *v.* PETER HEFFERAN Appellant, and Others.

*Motion for a new trial on the minutes — when an appearance and consent estops a party from denying the regularity of a motion, or the jurisdiction of the court to hear it — power of the court to reconsider a decision during the circuit at which it was made.*

Upon this case being brought on for trial before a jury, the court, upon the motion of the counsel for the defendant Hefferan, dismissed the complaint as to him upon the ground that it did not state facts sufficient to constitute a cause of action, to which the plaintiff's counsel excepted. At the same circuit the plaintiff moved upon this exception to vacate and set aside the order and for a new trial. The motion was adjourned by consent to a later day, when it was brought on for argument before the trial judge, the counsel for the defendant Hefferan consenting that the motion be made upon the minutes of the justice before whom the trial was had, and waiving all questions as to the regularity thereof and as to the right of the plaintiff to make the motion. The court vacated the former order and directed a new trial, costs to abide event.

*Held,* that even if a motion for a new trial could only be made upon the minutes of the justice where a verdict has been actually rendered (Code of Civil Pro., § 999), yet in this case the defendant had by his appearance and consent waived all right to question the jurisdiction of the court or the regularity of the plaintiff's practice, and that an appeal taken by him from the order should be dismissed.

*It seems,* that the court might, of its own motion, have directed a reargument of the motion to dismiss the complaint at any time during the same circuit.

APPEAL from an order made at a trial term of the Supreme Court, vacating an order theretofore made, dismissing the complaint as to the defendant Hefferan and granting a new trial.

*A. R. Dyett,* for the appellant.

*W. G. McCrea,* for the respondent.

DAVIS, P. J. :

This action was brought on for trial at circuit on the 13th of November, 1883, before one of the justices of this court and a jury. Before any evidence was given in the case, the counsel for the defendant Hefferan, moved to dismiss the complaint as to Hefferan, on the ground that the complaint did not state facts sufficient to con-

stitute a cause of action against him.    The plaintiff's counsel opposed the motion, and the court on hearing the argument, granted the motion and dismissed the complaint as to Hefferan, to which the plaintiff's counsel excepted.

Subsequently and at the same circuit, the plaintiff made a motion, on the exception, to vacate and set aside the order dismissing the complaint and for a new trial, which motion was adjourned by consent until the 14th of December, 1883.    On that day it was brought to argument before the judge, and the defendant, as appears in the order entered, consented to the making of the motion on the minutes of the justice, by whom the action was tried, waiving all questions as to the irregularity thereof, and the right of the plaintiff to make the motion.    Counsel for the respective parties were heard, and afterwards on the 3d day of January, 1884, the court made an order vacating and setting aside the order dismissing the complaint, and ordering a new trial in the action, with costs to the successful party to abide the event.

It is now insisted that the order appealed from was granted without jurisdiction.    It is true that section 999 of the Code of Civil Procedure only authorizes the granting of a new trial upon the minutes of the judge after a verdict is rendered, and it was held in *Hill* v. *Hotchkin* (23 Hun, 414), *Dusenbury* v. *Dusenbury* (61 How., 432) and *Van Doren* v. *Horton* (19 Hun, 7), that a motion could not regularly be made to grant a new trial on the minutes of the judge where no verdict had been rendered by the jury.    But in those cases a trial before a jury was actually had and testimony was taken, and upon such testimony the court had directed a nonsuit or dismissed the complaint and taken it away from the jury upon the evidence presented.    In this case there was no trial before the jury.    No evidence whatever was given and nothing was presented upon which a verdict could be rendered.    The counsel simply moved for a dismissal of the complaint as to the defendant Hefferan, on the ground that the complaint itself did not contain facts sufficient to constitute a cause of action.    The court after argument granted the motion. There were no minutes of the court, upon which to base a motion for a new trial, except the mere entry that such a motion was made and was decided adversely to the plaintiff and an exception to the decision taken.    The whole case on the motion appeared in the

complaint itself. Now in this case, after such a decision, the counsel, by mutual consent, appeared and consented to a reargument of the question before the same judge, waiving all objections both of jurisdiction and regularity: and the same judge, having thus heard the argument upon that waiver and consent, and reconsidered his former opinion, vacated and set aside his decision and directed a trial of the action before a jury.

We think this procedure was not obnoxious to the objection which the appellant makes under section 999 of the Code. It was neither more nor less than a case where a judge at circuit, having dismissed a complaint on the ground that it did not state facts sufficient to constitute a cause of action, allows the question to be reopened for further argument and consideration by him, the parties consenting and waiving all objections of irregularity and jurisdiction; and the result was, legally speaking, precisely the same as though he had denied the original motion to dismiss. Indeed, we think the judge of his own motion, at the same circuit, might have opened the question and directed the parties to re-argue the same, and thereupon denied the motion, if he came to the conclusion, that such an order should be made. It is true the trial could not go on before the same jury, but the parties understood that fully, and the effect of their agreement was to consent that if the judge denied the motion to dismiss, the case should be directed to be tried before some other jury. To allow the appellant, after consenting to that course and expressly waiving all objections, on finding his motion denied, to assert on appeal that the court had no jurisdiction to make such an order, is simply to allow him to take advantage of his own wrong. It is the duty of the court, unless it is so palpable a violation of some jurisdictional question that the court has no power over it, to hold the appellant to the result of his agreement. To hold that the order was void for want of jurisdiction at this stage of the action is probably to deprive the plaintiff of all remedy, as the order dismissing the complaint made at the circuit would be in full force, and probably no steps have been taken to entitle the plaintiff to a review.

We think, therefore, that the appeal should be dismissed, and the order should be treated as nothing more than a denial of the original motion to dismiss, from which no appeal would lie as from an order,

but the error of the court, if any, in denying the motion would have been reviewable upon appeal from the judgment if the plaintiff had recovered a verdict. The order now appealed from must be regarded simply as directing the trial of an action to proceed under circumstances where neither party is in position to bring the issue to trial in the ordinary form.

The appeal is therefore dismissed, with ten dollars costs and disbursements.

DANIELS, J. :

The provision contained in the Code declaring the cases in which the court at the trial may entertain a motion for a new trial on the minutes is by no means exclusive. It has not declared that the court at the trial, or before which the action shall be brought for trial, shall not interpose in other cases and order a new trial when that may appear to be proper. It has not, therefore, deprived the courts of the authority invested in them which has not been derived from or made dependent on the provisions of the Code. Within that authority courts have the power to correct or set aside their orders or judgments inadvertently made or given, particularly when the correction may be made during the same term. (*Lange* v. *Benedict*, 8 Hun, 362, 366, 367; *Levy* v. *Loeb*, 5 Abb. N. C., 157, 166; affirmed, 75 N. Y., 609.) This power was all that was exercised in making the order from which the appeal has been taken. Its propriety is clear and manifest, and the order should be affirmed.

Present — DAVIS, P. J., DANIELS and HAIGHT, JJ.

Appeal dismissed, with ten dollars costs and disbursements.