# N. Y. SUPERIOR COURT.

## FREDERICK S. WINSTON, agt. STEPHEN ENGLISH.

The examination of a party, provided for in section 391 of the Code, is now regulated by Rule 21, and can only be had, before issue joined, either to enable the plaintiff to frame his complaint, or the defendant to frame his answer.

The affidavit upon which the application for an order of examination is based, must show the materiality of the discovery sought, for the purpose of framing the pleading; and if the materiality does not appear, the application should be denied.

The defendant who applies for such an examination, in order to frame his answer to a complaint which has not yet been served, cannot show the materiality of the discovery, because he does not know what the allegations of the complaint are

*General Term, March,* 1873.

*Before* MONELL, FREEDMAN *and* CURTIS, *JJ.*

THIS is an action for damages for the publication of several alleged libels. An order of arrest was granted upon an affidavit, and the defendant was arrested. The summons was served at the same time. Immediately the defendant applied for, and obtained an order for the examination of the plaintiff, with a view to ascertaining information respecting the alleged libels upon which to frame his answer. The plaintiff moved to vacate this order, as having been improvidently granted, upon the ground that the examination was not wanted for any legitimate purpose, and that it could not be had until the complaint had been served, as it could not till then appear in what respects the discovery could be material. Chief Justice BARBOUR heard and granted the motion to vacate the order of examination, and from that order the defendant appealed to the general term.

THOMAS DARLINGTON, *for defendant, appellant.*
JOHN K. PORTER *and* ROBERT SEWELL, *for plaintiff,*
respondent.

*By the court*: MONELL, *J.*—Upon the return of the summons, issued by a judge of this court, requiring the plaintiff to appear and be examined *before* trial at the instance of the defendant, under section 391 of the Code, it was shown, by affidavit, that although the action had been commenced by the service of a summons, no complaint had been served upon the defendant; and it is understood that the decision at the special term was put upon the ground, that until the complaint was served upon the defendant there was nothing upon which the plaintiff could be examined.

But the defendant, upon his appeal from the order made at special term setting aside the summons for the plaintiff's examination, insists that he has an absolute right, *at any time after the action is commenced*, to take the plaintiff's examination, and that the court has no discretionary power over the matter.

Whatever may have been the views of this and of other courts, as to the right of examination at any time before the trial, even before issue joined or complaint served (*see McVickar agt. Greenleaf*, 4 *Robt.*, 657), these views must, I think, now yield to the modifications in the law which have been made since that and other similar decisions were rendered.

The convention of judges, convened pursuant to chapter 408 of the laws of 1870 (*Vol. I.*, 951, § 13), had power to revise, alter, abolish and *make* rules, which, it was declared, should be binding upon all courts of record, so far as they might be applicable to the practice thereof.

It will be seen that the restrictive words in a similar provision in the Code (*Code of* 1849, § 470), "*not inconsistent with this act*," are left out of the act of 1870.

But I do not think it was intended to remove such restriction, or to authorize the making of any rule which might conflict with the provisions of the Code, or abridge or impair any right or remedy given by it.

The power, however, did extend to the adoption of all necessary and proper rules, to regulate the practice in actions and proceedings in all courts of record.

In accordance with that power the present twenty-first rule of court was adopted, and it requires that the application for the examination shall be upon affidavit, disclosing the nature of the discovery sought, which discovery, it must be averred, is required to enable the party to *frame* his *complaint* or *answer*, or to prove his case or defense, &c.

The rule, it will be seen, provides—*First.* For the examination of the defendant to enable the plaintiff to frame his complaint. *Second.* Of the plaintiff to enable the defendant to frame his answer; and, *Third.* Of either party after issue.

The rule follows in effect the construction by this court of the 391st section of the Code, in *McVickar* agt. *Greenleaf* (*supra*), so far as it permits the examination *before issue*, but by necessary intendment limits the right to the purposes specified.

The limit thus put upon the examination, namely, for a plaintiff to frame his complaint, or for a defendant to prepare his answer, is in accordance with the true intent of the statute, and does not, in my judgment, conflict with any of its provisions.

Whatever may be the right, therefore, to have the examination at any time, the application must conform to the rules, and it must be made to appear that the examination is required for one of the purposes specified.

If it does not, or if the court cannot see that the examination is material in aid of the prosecution or defense, the application should be denied.

In this case it was an attempt by the defendant to examine the plaintiff. It could not be said to be necessary to enable the defendant to prepare his answer, for until the complaint was served he could not know what the alleged cause of action was or could be, nor what he would have to answer; nor could it be seen that it was material in aid of a defense until an issue had been framed.

It was therefore a question properly addressed to the power of the court, and as the defendant has not brought himself within any of the specified cases, authorizing the examination, the decision of the court, at the special term, setting aside the summons, was correct.

I have not found it necessary to examine the other question, namely, as to the right to require the plaintiff to testify against himself in an action of the nature it is said this is. That is a question, which, as it seems to me, does not now properly arise.

The order should be affirmed with costs.

FREEDMAN, *J.*, concurred.

CURTIS, *J.*—The defendant's affidavit states that this action is brought for damages for alleged false and malicious publications of and concerning the plaintiff. It further appears that the defendant is in the custody of the sheriff of the city and county of New York, under an order of arrest granted in the action. It appears by an affidavit of the plaintiff's counsel that no complaint has been served in the suit. The defendant obtained an order to examine the plaintiff, under section 391 of the Code. An order was granted on the plaintiff's application, to show cause why this order to examine should not be vacated. On the hearing the order to examine was vacated.

From this order the defendant appeals.

The right to examine a party to an action at the instance

of the adverse party, at any time after the commencement of the action, is clearly conferred by the Code. That this is an absolute right, and not subject to the discretion of the court, is held in various decisions in this court (*McVicker* agt. *Greenleaf*, 4 *Rob.*, 657 ; *Fullerton* agt. *Gaylord*, 7 *Rob.*, 559 ; *Duffy* agt. *Lynch*, 36 *How.*, 509).

It was urged on the argument that the force of this provision was somewhat modified and affected by the 13th section of chapter 408 of the laws of 1870, and the adoption of 21st rule of the supreme court by the convention of judges, which met pursuant to the requirements of that law. The 13th section of the laws of 1870, is as follows :

" All rules of the supreme court now in force, not inconsistent with the constitution or any statute of the state, shall remain in force until abolished or altered by the general term justices, the chief judges of the superior court of cities, the chief judge of the court of common pleas of the city of New York, and of the city court of Brooklyn, in convention assembled at the capitol in the city of Albany. A convention of such justices and chief judges shall be held at the place aforesaid on the first Monday in August, eighteen hundred and seventy, and every two years thereafter ; and such convention shall revise, alter, abolish and make rules which shall be binding upon all courts of record, so far as they may be applicable to the practices thereof."

The 21st rule of the supreme court is as follows :

" The application for an examination under § 391 of the Code, shall be upon an affidavit disclosing the nature of the discovery sought, to enable the party to frame his complaint or answer, or to prove his case or defense upon the trial, and how the same is material in aid of the prosecution or defense."

I am unable to see that the legislature attempted to confer any power upon the convention of judges to alter or nullify, in any degree, the law, or that this rule No. 21,

adopted by the convention, adds to or restricts, in any way, the operation or effect of section 390 and 391 of the Code.

Even if any modification of these sections had been attempted, by inserting provisions to that effect in a rule, it would have been inoperative, as the constitution of the State does not authorize the legislature to delegate any law-making power to a convention of the judges (*Barto* agt. *Himrod*, 3 *N. Y.*, 491).

The Code, by directing that the party shall "be examined as a witness," and "subject to the same rules of examination as any other witness," limits the examination to what is material and relevant to the prosecution or defence. To carry out and give effect to these provisions of the law, this court has indicated, at special term, that the affidavit upon which the application for examination is made shall disclose what is requisite in respect to the action, to enable the court to properly apply and enforce the directions of the Code (*Duffy* agt. *Lynch*, 36 *How.*, 509; *Greene* agt. *Hendon*, 7 *Rob.*, 463).

The supreme court rule No. 21 is substantially in accordance with this view. It is framed for the purpose of enabling the court to have the information before it that will enable it to enforce the provisions of section 390 and 391 of the Code, and also to restrict the examination of the party to that which is relevant and material, and which mode of examination is alone authorized under these sections.

When the motion for the examination is made by the defendant, the affidavit, in order to show the nature of the discovery sought, should set out the complaint or its material allegations, and the nature of the defense, and where no complaint, as in the present action, has been served, but an affidavit stating the cause of action has been made, and served with the order of arrest on the defendant, pursuant to sections 181 and 184 of the Code, then the defendant, in his moving affidavit, should set it out, or its material allegations,

together with the nature of the defense. It is only where this information is thus presented that the court is able to limit the examination to that which is relevant and proper, and thus give effect to the provision of the Code that the examination of a party shall be governed by the same rules as that of any other witness.

The affidavits on this motion show that the action is brought for damages for alleged false and malicious publications of and concerning the plaintiff, and that the nature of the discovery sought by the examination of the plaintiff is to obtain information in regard to a great variety of alleged transactions and occurrences.

It does not appear that these matters, in respect to which this examination of the defendant is sought, have any relation, direct or indirect, with the alleged publications for which the action is brought.

It nowhere appears in the motion-papers what those publications were, or what subjects even they touched upon. The most careful examination furnishes no information.

The defendant does not set out the matters complained of by the plaintiff, either as contained in the plaintiff's affidavit, made to procure the order of arrest, or otherwise. The court is left without the means of knowing whether the examination sought is an inquiry into the past life and acts of the plaintiff, or in respect to matters pertinent to the action. It has no means of causing the examination to be conducted pursuant to the requirements of the Code, and restricting it to such matters as are relevant, material and proper.

In this view of it, and upon the present papers, the order appealed from should be affirmed, with costs, but without prejudice to the defendant's taking out another one, founded upon a proper affidavit.